(77 Misc. Rep. 652.)

## UNION TRUST CO. OF ROCHESTER v. OLIVER.

(Supreme Court, Equity Term, Monroe County.  October 5, 1912.)

CORPORATIONS (§ 123*)—LARCENY OF PLEDGOR OF STOCK—TITLE OF PLEDGEE.

Where a purchaser of stock, pursuant to transaction with the secretary of the corporation in charge of its office, obtained the certificate of stock, and subsequently delivered it to the secretary for the express purpose of having it transferred on the books of the corporation, and the secretary, having no interest in the certificate, appropriated it to his own use, without the consent of the purchaser, and pledged it to a third person to secure a loan, with intent to defraud the purchaser, the secretary was guilty of larceny, under Penal Law (Consol. Laws 1909, c. 40) § 1290, and could not, as against the purchaser, give good title to the third person, especially where he had notice of facts sufficient to put him on inquiry as to whether the secretary had any right to pledge the stock.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 481, 491, 507–512, 537, 539–546, 612, 618; Dec. Dig. § 123.*]

Action by the Union Trust Company of Rochester against Frederick W. Oliver, as trustee in bankruptcy of George K. M. Clarke,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and another, foreclosing a pledge. Judgment dismissing complaint as against defendant Olaf Berg.

Carnahan, Adams, Jameson & Pierce, of Rochester, for plaintiff.
William H. Burr, of Rochester, for defendant Oberg.

CLARK, J.   This action is brought to foreclose a pledge of shares of stock of the Rochester & Lake Ontario Water Company. It was established on the trial that the defendant Oberg bought 100 shares of stock of the Rochester & Lake Ontario Water Company several days prior to the 12th day of October, 1910, paying therefor $2,500, and receiving voting trust certificate No. 40, which was actually delivered to Oberg at the time he made the purchase. The business was transacted with George K. M. Clarke, who was the secretary of that company in charge of its office, and who had possession of this voting trust certificate.   After the said certificate was delivered to defendant Oberg, he retained it in his possession several days, and on the 12th day of October, 1910, he went to the office of the company and handed the certificate to the secretary, Mr. Clarke, for the express purpose of having it transferred to him on the books of the voting trustees, who had issued the certificate in question.

Clarke had no interest whatever in the certificate.   Oberg owed him nothing, and his authority was expressly limited, in a writing signed by him, to having the certificate transferred on the books—something that was required to be done in and by the terms of the arrangement by which the stock of the water company was turned over to voting trustees, who in turn issued the voting trust certificates. . While Clarke had the certificate in his possession, after October 12, 1910, it was for the sole purpose of transfer, as above stated, and his name in no way appeared on the paper.   Subsequently, and on the 4th day of November, 1910, without the knowledge, authority, or consent of defendant Oberg, Clarke appropriated the certificate to his own use, and delivered it to the plaintiff to secure the payment of a loan of $2,000.   He did so with intent to deprive and defraud the true owner, defendant Oberg, of his property, and the use and benefit thereof, and thereby committed the crime of grand larceny.   Penal Law (Consol. Laws 1909, c. 40) § 1290.

The very gist of the crime of larceny is the intent of the person who is charged with committing it, and when we remember that in this case the undisputed evidence is that Clarke was intrusted with this certificate for the sole purpose of having it transferred, and that, instead of doing so, he put it up as security for his own personal loan, without the shadow of right or authority from the true owner, the conclusion is irresistible that he did it with a felonious intent to deprive and defraud the owner of his property, and under these circumstances he committed the crime of larceny (Penal Law, § 1290, supra), and he cannot give good title to property that he had stolen.

The defendant Oberg cannot be charged with negligence in this

matter, for when he left the certificate with Clarke for the purpose of transfer he was particular to require the latter to give him a receipt, showing clearly that the stock was left with him for no other purpose. On the other hand, it appears that, when Clarke applied to plaintiff for the loan of $2,000 on the stock in question, his name did not appear on the certificate, but it was signed in blank by a former owner named Adams, and it bore no evidence that Clarke owned or had any interest in it, and he did not claim to own it; but plaintiff's officer with whom the loan was negotiated was told by Clarke that the stock certificate in question had been sold to a Mr. Lyon for $2,500, but he was out of town, and on his return he (Clarke) would get the $2,500 and pay the loan. So plaintiff made a loan of $2,000 to Clarke on a certificate which the latter did not claim to own, and which he frankly told the plaintiff's officer had been sold to another man.

It impresses me that this transaction was sufficient to put plaintiff on inquiry at least as to whether or not Clarke had any sort of right to pledge this stock. When Clarke appropriated this certificate to his own use in the manner described, it was not a mere conversion, but was a plain case of larceny, and under the circumstances the true owner should be able to hold the stock against this plaintiff. Knox v. Eden Musee Co., 148 N. Y. 441, 42 N. E. 988, 31 L. R. A. 779, 51 Am. St. Rep. 700; Treadwell v. Clark, 73 App. Div. 473, 77 N. Y. Supp. 350; Matter of Mills, 125 App. Div. 730, 110 N. Y. Supp. 314; Merchants' Bank v. Livingston, 74 N. Y. 223.

Judgment is therefore directed, dismissing plaintiff's complaint as against the defendant Oberg, with costs and disbursements to be taxed.