In the Matter of the Accounting of THE FARMERS' LOAN AND TRUST COMPANY, as Substituted Trustee under the Will of VALENTINE MOTT, Deceased.

DE LANCEY K. JAY, as Special Guardian of JOHN J. BOYD et al., Appellant; FANNIE VAN SCHAICK, Respondent.

Will — gift of remainder to issue of beneficiary of life estate — word "issue" held to include descendants taking by representation or per stirpes.

1. It is the rule, in construing the provisions of a will, that the word "issue" is not confined to children but includes descendants in any degree, unless some other meaning is given to it by the context, and such other meaning will not readily be given, if the result would be to divert the gift from the direct line of descent.

2. Testator after giving his residuary estate to his wife for life directed that upon her death the estate should be divided into nine equal parts, one-ninth to each of his seven surviving children, and two-ninths in trust for a granddaughter and a grandson and, then provided: "In case of the death of either of my children before the division of my estate, I give, devise and bequeath what would have been his or her share, if living, to his or her issue, if any, such issue to take equally what would have been the parent's share. If no issue, then I give, devise and bequeath such ninth part to my surviving children and the issue of those deceased." After directing the investment of the two-ninths given in trust and the payment of the income therefrom to the beneficiaries thereof during their respective lives, testator further provided: "Upon the death of either, I give, devise and bequeath his or her share to his or her issue, if any. If there be no issue, then to my surviving children and the issue of those deceased." The *cestui que trust* of one of the two trusts died leaving two daughters and four grandchildren, one, the child of one daughter, and three, the children of the other daughter. *Held*, upon examination of the provisions of the will and codicil, that since the will gave the share of such deceased beneficiary to her "issue," the word as used by testator is not limited to children but was used in the sense of descendants taking by representation, or *per stirpes*, and, hence, that the trust fund in question should be divided between the descendants of the deceased *cestui que trust*, *per stirpes*, and not *per capita*.

*Matter of Farmers' Loan & Trust Co.*, 163 App. Div. 533, modified.

(Argued November 11, 1914; decided December 1, 1914.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered July 10, 1914, reversing so much of a decree of the New York County Surrogate's Court as construed the fifth clause of the will of Valentine Mott, deceased.

The facts, so far as material, are stated in the opinion.

*William Wickham Hoffman* for appellant. The primary legal significance of the word "issue" is descendants of whatever degree of descent. (*Seitz* v. *Faversham*, 205 N. Y. 197; *Schmidt* v. *Jewett*, 195 N. Y. 486; *Matter of Bauerdorf*, 77 Misc. Rep. 656; *Drake* v. *Drake*, 134

N. Y. 220; *Soper* v. *Brown*, 136 N. Y. 244; *Ross* v. *Ross*, 20 Beav. 645.) The context of this will and codicil clearly show the testator intended to use the word "issue" in question in its usual legal sense of "descendants," and there is nothing from which an intention can be found to limit its significance to "children." (*Drake* v. *Drake*, 134 N. Y. 223.) An intention to limit the significance of the word "issue" to children, in the fifth paragraph of the will, cannot be found from the fourth paragraph of the will. (*United States Trust Co.* v. *Tobias*, 21 Abb. [N. C.] 392; *Drake* v. *Drake*, 134 N. Y. 225; *Harrison* v. *McAdam*, 38 Misc. Rep. 18; *Jackson* v. *Jackson*, 153 Mass. 374; *Rasquin* v. *Hamersley*, 152 App. Div. 522; *Morron* v. *McMahon*, 35 Misc. Rep. 348.)

*Henry A. Uterhart* for respondent. The testator used the word "issue" throughout his will in the sense of children. (*Chwatal* v. *Schreiner*, 148 N. Y. 683; *Palmer* v. *Horn*, 84 N. Y. 516; *Palmer* v. *Dunham*, 125 N. Y. 68; *Soper* v. *Brown*, 136 N. Y. 244; *Murray* v. *Bronson*, 1 Dem. 217; *Daly* v. *Greenberg*, 69 Hun, 228; *Emmet* v. *Emmet*, 67 App. Div. 183; *Matter of Tenney*, 104 App. Div. 290; *Rasquin* v. *Hamersley*, 152 App. Diy. 522; 208 N. Y. 630; *Edwards* v. *Edwards*, 12 Beav. 97.)

CARDOZO, J. This case involves the construction of the will of Valentine Mott. He died in 1865, leaving a will and codicil. He gave his residuary estate to his wife for life. On her death he directed that the estate be sold and divided. We are concerned at this time with the distribution of the ninth part which he directed should be held in trust for his granddaughter, Fanny Mott. In the fourth subdivision of his will he said: "I give, devise and bequeath one-ninth part of the proceeds of such sale to each of my surviving children, and one-ninth part of such proceeds to Isaac Bell, Jr., in trust for Fanny Mott, daughter of my son, Valentine Mott, deceased, and one-

ninth part of such proceeds to Isaac Bell, Jr., in trust for Valentine A. Blacque, son of my daughter, Olivia, deceased." In the same subdivision he said: "In case of the death of either of my children before the division of my estate, I give, devise and bequeath what would have been his or her share, if living, to his or her issue, if any, such issue to take equally what would have been the parent's share. If no issue, then I give, devise and bequeath such ninth part to my surviving children and the issue of those deceased." By the fifth subdivision of the will he amplified the statement of his purpose in respect of the two shares which the preceding subdivision had already placed in trust. "The two several ninth portions of my estate devised to Isaac Bell, Jr., for my grandson, Valentine A. Blacque, and my granddaughter, Fanny Mott, respectively, I hereby declare to be upon the trust following: to invest such several ninth parts on bond and mortgage in City and State stocks or in other safe securities, and to collect, and after the majority of each to pay to each of them the net income of his or her respective share during his or her life. Upon the death of either I give, devise and bequeath his or her share to his or her issue, if any. If there be no issue, then to my surviving children and the issue of those deceased."

The granddaughter, Fanny Mott, afterwards became Fanny Mott Campbell. She died in 1912, leaving two daughters, Fanny Van Schaick and Lillie C. Boyd, and four grandchildren. One of these grandchildren is the child of Mrs. Van Schaick. Three of them are the children of Mrs. Boyd. The will gave this share of the estate, on the death of Mrs. Campbell, to her "issue;" and the meaning of that term as here used is the question for decision.

The surrogate held that the word issue meant descendants; that it was not limited to children; and that the division must be made *per capita* among the descendants of every degree. In that view, the two children of Mrs.

Campbell, and the four grandchildren, were entitled, each of them, to one-sixth of the share in question. The Appellate Division held that the word issue was used in this will as synonymous with children; and hence that the two children of Mrs. Campbell were entitled, each of them, to a half, and that the grandchildren were excluded. This construction is established, not only by the opinion of the Appellate Division, but also by its order, which adjudges "that the word 'issue' as used in that portion of the fifth clause of the will of Valentine Mott, deceased, reading 'upon the death of either, I give, devise and bequeath his or her share to his or her issue, if any,' be accorded the construction contended for by appellant, and was used by the testator in the sense of children."

We agree with the learned surrogate that the word issue was intended to include descendants; but we do not share his view that the gift was to be made *per capita*, with the result that children would take concurrently with their living parents. (*Soper* v. *Brown*, 136 N. Y. 244, 250.) We think that the will reveals a purpose that the issue should take *per stirpes*. This construction leads us to the same result that was reached at the Appellate Division, but by a different path. The difference, though not important in its consequences here, may be important when the case is cited as a precedent hereafter.

The rule is that unless some other meaning is given to it by the context, the word issue is not confined to children, but includes descendants in any degree. (*Schmidt* v. *Jewett*, 195 N. Y. 486.) Another meaning will not readily be given if the result would be to divert the gift from the direct line of descent. Where there is a gift to a child or grandchild for life, and over on the death of such child or grandchild in default of issue, the courts have held it to be "an unnatural construction which would exclude all but the immediate children of the first taker, in favor of the other branches of the family. The reasonable construction in such cases is that the gift over

was intended to take effect only on the extinction of the line of descent from the first taker." (*Soper* v. *Brown*, 136 N. Y. 244, 251.) This testator provided that in case of the death of his children before the wife's life estate had terminated, their issue should take their share, and only in default of issue was there a gift to others. To say that by the gift to issue he meant children, but not grandchildren, is to impute to him a purpose to disinherit one branch of descent to the enrichment of another. There is nothing in this will to justify us in deviating from the settled rule that a construction leading to such consequences ought generally to be avoided. (*Soper* v. *Brown*, *supra*, at p. 251; *Matter of Brown*, 93 N. Y. 295.) On the contrary this testator seems to have used the words children and issue, not at all as synonymous, but with accurate discrimination. We see this in many provisions, and notably in the codicil where he says: "Wherever the words child, children or issue, are used in my will, or in this codicil, I declare the same to mean lawful child, lawful children and lawful issue." We have no right to ascribe to the word issue a meaning less inclusive than its primary meaning of descendants in the absence of some tokens of a purpose that its application should be restricted. We do not find that such a purpose is revealed in this will.

We are thus brought to a consideration of the question whether the gift to the issue of Mrs. Campbell was one *per capita* or *per stirpes*. If it was *per capita*, children and grandchildren take concurrently. If it was *per stirpes*, they take by representation. (*Jackson* v. *Jackson*, 153 Mass. 374, 376; *Matter of Bauerdorf*, 77 Misc. Rep. 654; *Matter of U. S. Trust Co.*, 36 Misc. Rep. 378; *Coulden* v. *Coulden*, L. R. [1908] 1 Ch. 320, 326.) We think that it may fairly be gathered from the context that the gift was to be *per stirpes*. The presumption in this state favors a *per capita* distribution (*Schmidt* v. *Jewett*, *supra*; *Bisson* v. *West Shore R. R. Co.*, 143 N. Y. 125),

but the presumption yields to "a very faint glimpse of a different intention." (*Ferrer* v. *Pyne*, 81 N. Y. 281, 284; *Vincent* v. *Newhouse*, 83 N. Y. 505, 513; *Bisson* v. *West Shore R. R. Co., supra.*) To determine the meaning of the word issue in the fifth subdivision of the will, we must read the latter subdivision in connection with the fourth. The first use of the word issue, we find in the provision: "in case of the death of either of my children before the division of my estate, I give, devise and bequeath what would have been his or her share, if living, to his or her issue, if any, such issue to take equally what would have been the parent's share." The fair meaning of this provision is that the issue are to take by right of representation. That construction is not precluded by the direction that they shall take equally. The word "equally," standing by itself, imports a division *per capita*, but it may get another meaning from the context. Another meaning is given to it here by the direction that the issue shall take their parent's share. (*Barstow* v. *Goodwin*, 2 Bradf. 413.) Equality of division is to be preserved, but only within the limits consistent with a division *per stirpes*. (*Barstow* v. *Goodwin, supra; Jackson* v. *Jackson*, 153 Mass. 374; *Coates* v. *Burton*, 191 Mass. 180.) We are referred to cases in which it is suggested that the word "issue" should be restricted to children when used in antithesis to the word "parent." (*Sibley* v. *Perry*, 7 Ves. 522; *Drake* v. *Drake*, 134 N. Y. 220, 225.) That is not a rule of construction. It is merely one consideration to be weighed with others in an estimate of a testator's meaning. (*Ralph* v. *Carrick*, L. R. [11 Ch. D.] 873; *Matter of Birks*, L. R. [1900] 1 Ch. 417, 419.) Sometimes the word issue may take its color from the word parent, and refer to children. Sometimes the word parent may take its color from the word issue, and refer to all who may occupy the position of parent throughout the line of succession. (*Jackson* v. *Jackson, supra; Ross* v. *Ross*, 20 Beav. 645; *Robinson* v. *Sykes*,

23 Beav. 40; *Matter of Embury*, 109 L. T. 511; *Barstow* v. *Goodwin, supra*.) Having in view the rule that favors the keeping of the gift within the primary line of descent, we think that by the gift to issue in the fourth subdivision of the will, there was intended a gift to descendants *per stirpes*.

If that is the meaning of the word issue as used in that subdivision, we may fairly hold that it did not lose that meaning and take on another one in the next subdivision. (*Ross* v. *Ross, supra; Matter of Birks, supra*.) We must keep in mind the unity of scheme that binds these subdivisions together. The fifth subdivision merely amplifies and develops a gift which takes its origin in the fourth. The trusts affecting two-ninths of the estate are established in one clause; the description of them is resumed, and they are made precise and definite, in another. This cohesion of plan must have tended to impress the testator with the belief that after defining his use of the word issue in one paragraph, it was needless to repeat the definition in the next. In all likelihood it never occurred to him that the need of such repetition would ever suggest itself to any one. He knew that the property disposed of in the fifth subdivision represented the shares of two deceased children, a son, Valentine, and a daughter, Olivia. He knew that if these children, instead of dying before the making of the will, had died afterwards, but before the division of the estate or even before the testator, the fourth subdivision would give their shares to their descendants in any degree and give it *per stirpes*. It is incredible that he contemplated a stirpital division among issue of children who died before him, but after the making of the will, and a *per capita* division among the issue of those children who died before him and before the making of the will. A rule which yields so readily as the one that presumes a *per capita* division, must give way where adherence to it involves a discrimination so unreasonable. A case closely parallel is *Dexter* v. *Inches*

(147 Mass. 324). There a testator gave his estate in equal shares to eight children, and provided that, in case of the decease of either, leaving issue, before receiving a share, "such issue shall represent and take the parent's share." Seven of the children were to take their shares outright, but the share of one son was put in trust, such share to go at his decease, if he left no widow, to his "issue," without more. The son died leaving no widow, but leaving three children, and also grandchildren. The court held that the gift to issue after the death of the son, though not stated to be to them by right of representation, must be held to have the same meaning as the gift to issue, where the son died before the testator, and hence that the issue took *per stirpes.* Holmes, J., who wrote for the court, said: "Undoubtedly 'issue' may mean, and in this clause does mean, more than children. If one child of Charles had died at any time leaving children living at Charles' death, we will assume that they would not have been excluded. (See *Ralph* v. *Carrick,* L. R. [11 Ch. D.] 873, 882.) But 'issue' is a word which lends itself very easily to the expression of representation. (*Ross* v. *Ross,* 20 Beav. 645; *Robinson* v. *Sykes,* 23 Beav. 40, 51; *In re Orton's Trust,* L. R. [3 Eq.] 375, 380.) The issue of Charles would have taken by way of representation in one event. If Charles had died 'before the receipt of his share,' his issue would have 'represented' him by the words of the will. There is no reason for issue (the same word) taking the same sum otherwise than by way of representation in the other event, which has happened. If the context of the clause which we have to construe does not of itself show clearly in what sense the testator used the word, the alternative limitation makes it plain. We are of opinion that the word 'issue,' as here used, means descendants taking by way of representation." We think the same considerations are applicable to the will before us. It is true that the courts of Massachusetts, unlike the courts of this state, have at

times construed a gift to issue as importing a division *per stirpes*, even without language suggestive of that intent, but the courts of both states agree in holding that the *per capita* rule will yield to slight indications of another meaning (*Ferrer* v. *Pyne, supra*), and we think that such indications are present here.

The order of the Appellate Division should be modified by striking therefrom the provision that the word "issue," as used in the fifth clause of the will of Valentine Mott, was used by the testator in the sense of children, and by substituting a provision that it was used in the sense of descendants taking by representation or *per stirpes*, and as so modified the order should be affirmed, with costs to both parties payable out of the estate.

WILLARD BARTLETT, Ch. J., HISCOCK, CHASE, COLLIN, HOGAN and MILLER, JJ., concur.

Ordered accordingly.