(89 Misc. Rep. 365)

## In re MEEKER.

## In re COVERT'S WILL.

(Surrogate's Court, Kings County. February, 1915.)

WILLS ⬤⟿498—CONSTRUCTION—TRUST FUND—DISTRIBUTION—ISSUE.

A paragraph of a will, following three paragraphs in which the word "issue" was used to indicate enjoyment of remaindermen per stirpes, provided: "Upon the further trust to * * * set apart the remaining * * * share for the use of my son * * * during his life and at his death * * * to distribute the capital among his lawful issue equally." The son died, leaving three children surviving, two of whom had a child each. *Held* that, on the judicial settlement of the trustee's account, the word "issue" in the paragraph quoted should be given the construction imposed on it by its use in previous paragraphs, and that the fund once held for the son should be divided among his three children, to the exclusion of the grandchildren.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1087–1089; Dec. Dig. ⬤⟿ 498.]

Petition of Samuel M. Meeker to render and settle his account as trustee under the will of Helena Covert, deceased. Decreed according to opinion.

John C. Loud, of Brooklyn, for accountant.
William F. Ryan, of Jamaica, for John Covert, a legatee.
Joseph A. Keenan, of New York City, special guardian for Muriel R. Covert and Audrey D. Covert, infants.

KETCHAM, S. The will under which this accounting is made provided for the division of the residue of the testator's estate into seven equal parts, the gift outright to three persons therein named, and a devise in trust of the four remaining parts for purposes therein separately stated with respect to each share. The language specifically requiring construction is as follows:

"Upon the further trust to designate and set apart the remaining equal part or share for the use of my son Francis M. Covert; to receive the rents, income and profits thereof, and apply the same to his use during his natural life, and at his death to pay, divide and distribute the capital of such last-mentioned share to and among his lawful issue equally."

Francis M. Covert, named in the last quotation, has died, leaving three children now surviving, two of whom have each a child; and the question is whether or not the fund primarily for the use of the son Francis is now to be distributed to his three children, to the exclusion of his grandchildren above mentioned, or is to be divided among his children and grandchildren concurrently?

The provision last quoted was preceded by three separate trusts, each covering a share of the estate equal to that set apart for Francis M.

Covert, and in each instance there was a separate direction for the distribution of the fund at the decease of the primary beneficiary, as follows:

(a) As to one of the testator's children:

"At her decease, to pay, divide and distribute the capital of such share to and among her children equally. In case either or any of her children shall then have died leaving issue surviving the said Rebecca, such issue shall have and take the share the parent would have taken if then living.".

(b) As to another of the testator's children:

"At his decease to pay, divide and distribute the capital of the said last-mentioned share to and among his lawful issue equally. If either or any of his children shall then have died leaving lawful issue surviving him, such issue shall have and take the share to which the parent would have been entitled if then living."

(c) As to another of the testator's children:

"At his decease to pay, divide and distribute the capital of said last-mentioned share to and among his lawful issue equally, provided, however, that if either of his children shall then have died leaving issue surviving the said Michael S., such issue shall take the share the parent would have taken if then living."

There is no element of the will now requiring construction which is not found substantially in the will considered in Matter of the Farmers' Loan & Trust Company, 213 N. Y. 168, 107 N. E. 340. Here, as in that case, there are separate trusts. Here, as there, several of them are so expressed that the gift over upon death of the primary beneficiary is obviously to issue by representation. Here, as there, the provisions which clearly contemplate a stirpital enjoyment of the devise in remainder are followed by a provision which, considered alone, might be consistent only with an intention that the issue to whom the devise in remainder was made should compromise all the living descendants to take concurrently without regard to the degree of their generation.

But there the meaning which was impressed upon the word "issue" in its earlier appearance in the will was deemed to characterize its subsequent use, even though in that case, as in this, an expression which .significantly qualified the word "issue" in its first employment was left out when the word was used in the provision immediately requiring construction. In that case the court, after interpreting the word "issue" as first found in the will, said:

"If that is the meaning of the word 'issue' as used in that subdivision, we may fairly hold that it did not lose that meaning and take on another one in the next subdivision."

There was no argument which followed the language last quoted, and which was regarded by the court as controlling, which does not with equal force and aptness embrace the question now presented. The decree should provide for a division of the fund once held for the benefit of Francis M. Covert among the three children of his body, to the exclusion of the children of two of them.

Decreed accordingly.