(92 Misc. Rep. 689)

## In re VAN CLEEF.

## In re ROBBINS' WILL.

### (Surrogate's Court, Kings County.   December, 1915.)

**1.** WILLS ⊜498—CONSTRUCTION—INTERESTS OF REMAINDERMEN.

Where a will provided, in one of four paragraphs wherein provision was made for each of testator's four children, that testator's daughter should have the net income of one-fourth of his estate during her life, and that on her death such one-fourth of the estate should go to her "lawful issue," the estate in remainder vested on the death of the daughter after the death of testator in equal shares, one in the representative of her son, who predeceased her, one in her sole living son, one in the sole child of the deceased son, and one in each of the three children of the living son, though the words "lawful issue" be construed in the light of the closing provision of such paragraph, that on death of the daughter "and in default of such lawful issue I   *   *   *   bequeath the same to the survivors and survivor of my children and the lawful issue of such of my children as shall be dead"; it not appearing therefrom that testator, in the use of such words, intended that the distribution should be per stirpes, and not per capita.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1087–1089; Dec. Dig. ⊜498.]

**2.** WILLS ⊜498—CONSTRUCTION—"LAWFUL ISSUE"—DISTRIBUTION.

As normally used in wills, the phrase "lawful issue" means all the descendants of the person whose issue is indicated, and requires a per capita distribution of the fund equally among the issue of whatever generation.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1087–1089; Dec. Dig. ⊜498.

For other definitions, see Words and Phrases, First and Second Series, Lawful Issue.]

**3.** WILLS ⊜498—CONSTRUCTION—"DEFAULT OF LAWFUL ISSUE."

A provision of a will, that in "default of lawful issue" of the life beneficiary certain distribution should be made of the estate in remainder, required the exclusion of every descendant of the life beneficiary, including her grandchildren, before there could be a default of issue.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1087–1089; Dec. Dig. ⊜498.

For other definitions, see Words and Phrases, First and Second Series, In Default of Issue.]

**4.** WILLS ⊜456—CONSTRUCTION—LANGUAGE USED.

In construing a will, words having a fixed intent must be given their natural meaning, in the absence of some verbal qualification found in the will.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 974; Dec. Dig. ⊜456.]

Petition of John S. Van Cleef to render and settle his account as sole surviving trustee of the trusts created under the will of Daniel A. Robbins, deceased.   Decreed according to opinion.

Cullen & Dykman, of Brooklyn, for accounting trustee.

D. A. Marsh and James M. Gray, both of Brooklyn, for Marion Van Cleef Warner and Sallie N. Gildersleeve.

Henry D. Lott, of Brooklyn, for Henry C. Van Cleef.

Samuel Evans Maires, of Brooklyn, for Caroline E. Dakin.

Patrick E. Callahan, of Brooklyn, special guardian, for Lois Van Cleef, Jean Van Cleef, and Edna Van Cleef.

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

KETCHAM, S. [1] The will under which this accounting is made, after general legacies, makes provision for each of the four children of the testator, in four paragraphs, of which the one now requiring construction is an example. It is as follows:

"Sixth. I give, devise and bequeath unto my daughter Mary Augusta for her sole and separate use, free from the control of any present or future husband, the net income of one other one-quarter of my estate for and during the full end and term of her natural life, and upon her death I give, devise and bequeath the said one-quarter of my estate to the lawful issue of the said Mary Augusta, and in default of such lawful issue I give, devise and bequeath the same to the survivors and survivor of my children and the lawful issue of such of my children as shall be dead."

Mary Augusta died since the death of the testator, and the persons in whose behalf varying claims to the fund mentioned in the paragraph quoted are: The representative of Mary Augusta's son, Frank, who died in his mother's lifetime, his child, his brother Henry, and the three children of Henry. The remainders limited to the lawful issue of Mary Augusta vested at the death of the testator in her two sons, subject to a change in the extent of their interest, but never as to the quality thereof, in case of birth of additional issue. Such right in the fund in question as Frank would have had, if living, has passed to his representative.

[2] It remains to determine the persons who, with the executor of Frank's estate, are contemplated in the words "lawful issue," and to ascertain the proportions in which the fund shall be divided among them. This phrase normally means all the descendants of the person whose issue is indicated. If it be used in this will in its ordinary signification, it will require distribution per capita of the fund equally among all the issue of whatever generation.

The words "lawful issue" may readily be detached from their primary meaning, but only by some glimpse of evidence tending to show that the testator used the words with an intention that they should not signify all his descendants. This adoption by the testator of a meaning which the words would not otherwise bear may appear in the will itself, or, in a proper case, by extrinsic circumstances. It is sought to show by such evidence that the words were intended to limit the remainder upon the death of the life beneficiary to her issue per stirpes, and not per capita, in such manner that each stock of the life tenant, apparent upon her death, should take one-half of the fund.

In this effort it is argued that the words in question, occurring twice in each of the four similar paragraphs of the will, should be taken to bear the same meaning, and if, in the last use of the words, they can conceivably be taken to intend a stirpital instead of a capital distribution, then the words in their earliest use should be infused with the same stirpital intent. This is the law. Matter of Farmers' Loan & Trust Co., 213 N. Y. 168, 107 N. E. 340. The whole argument then balances upon the claim that in this will a stirpital division is contemplated in the following words, with which the paragraph under construction closes:

"Upon her death * * * and in default of such lawful issue, I give, devise and bequeath the same to the survivors and survivor of my children and the lawful issue of such of my children as shall be dead."

It has not been possible to extract this meaning. Whether in these closing words it is intended that the lawful issue of a deceased child of the testator is to be let into the division in place of the deceased person, or is to have a distributive right independently and by virtue solely of his own primary nomination, no unusual meaning is impressed in either case upon the words "lawful issue."

Suppose the language adapted to the event of the death of one of the four children without issue had been, "I give to my remaining children, if then living, and in the case of the death of any one of them I give that which would have been his share to his lawful issue," the gift over to issue would have been of one-third, but there would be nothing to permit or suggest that "lawful issue" was to bear any other than its original meaning.

Suppose, again, the language had been, "I give to the persons who shall fulfill the following description: Any child or children of mine and lawful issue of any deceased child or children of mine"—then each person to be included in the description "lawful issue" would have a share equal to the share of a remaining child of the testator, but there would still be no intimation that the testator meant to depart from established definitions.

Moreover, the search throughout the will for expressions which will define or extend the sense in which the words "lawful issue" were first used is not to be confined to a comparison or contrast between the first and the last employment of these words in each of these paragraphs.

[3] What is the intent of the same words when used in the second instance in the paragraph? After a gift over to the issue, it is provided that "in default of such lawful issue" the final gift over shall be to "surviving children and their lawful issue." Was it conceivably within the purpose of the testator that the words "in default of lawful issue" made it possible that if one of his children died leaving no living children, but leaving children of a deceased child of his own, the trust fund would pass wholly to persons other than his grandchildren? No one will question that children of a child of the testator were defined and included as lawful issue in the language "in default of such lawful issue." The phrase requires the exclusion of every descendant of the life beneficiary before a default of issue can be established.

Further, the final gift over contained in each of these paragraphs is limited, not only upon default of issue, but "of such lawful issue." This, in the reflex value of the word "such," means the absence of any and all persons such as are contemplated in the first employment of the words "lawful issue," and makes it fairly manifest that "such" persons as are within the phrase when employed in one instance are "such" or the same as are intended in the other. It results that, if in the first and last appearance of the like expression there could be need for conjecture, both must take color and character from the intermediate phrase, as to which no doubt can be entertained.

[4] It is said that the will reveals a solicitude on the part of the testator for his four children, and that this must be presumed to have

reached beyond the life estates provided for them to the disposition of the remainders now under examination. If this preferential regard were conceded, it would aid in the construction of words of doubtful meaning; but it could not alone impose a special significance upon a standard phrase. Whatever might have been the attitude of the testator toward his children, words which, unqualified, would bear a fixed intent would have to retain their natural purpose, in the absence of some verbal qualification to be found in the instrument.

Since this was written counsel for Marion Van Cleef Warner and Sallie N. Gildersleeve brings to the attention of the surrogate, as a strong authority in favor of the position of his clients, Matter of Union Trust Co., 156 N. Y. Supp. 32, decided by the Appellate Division of the First Department since the submission of this case. It would be the duty of this court to follow the decision cited in a like case, but never unless the likeness was precise.

The question here involved is parallel with that disposed of in the case cited, with one controlling exception. The language there considered was, "I give, devise and bequeath the same in equal portions to her issue, if any then surviving," and the conclusion there reached rested solely upon the conviction that in the words "in equal portions" which qualified the gift, with some support in the context of the will and the circumstances surrounding the testator, there was an abiding purpose to secure an equality among the beneficiaries of the will, and that this purpose, in the judgment of the majority of the court, could not be satisfied, except by the construction that equality among the stocks of the issue, and not among the individuals of such stocks, was intended.

There are no such words found in the will at bar, and it may be confidently said that, if they had been lacking in the instrument before the court in the case cited, the prevailing opinion therein could not have been written.

It results that the remainder which falls in upon the death of the beneficiary, Mary Augusta, vests in equal shares—one in the representative of Frank, deceased; one in the living son, Henry; one in the child of Frank; and one in each of the three children of Henry. The decree may proceed accordingly.

Decreed accordingly.