EDWARD H. MOUNT, as Administrator, etc., of FLORENCE C. MOUNT, Deceased, Appellant, Respondent, v. FREDERIKA B. HARRIS, Individually and as Administratrix with the Will Annexed and as Substituted Trustee under the Last Will and Testament of BENJAMIN GRIFFIN, Deceased, Respondent, Appellant, Impleaded with FRANCES DE GRAY MOUNT and Others, Respondents.

(*Supreme Court, App. Div., Second Dept., April* 14, 1916.)

WILL CONSTRUED—TRUST WITH REMAINDERS OVER ON DEATH OF LIFE BENE-FICIARY—WHEN GIFTS DIVIDED PER STIRPES, NOT PER CAPITA.

A testator placed his property in trust, charging the trustees with an imperative power of sale. He created life estates for his widow, his daughter Sarah, and his brother, and directed that the residue and the sums reserved for the life estates as they should expire should be divided

into equal parts. One of these he gave to his son Frank, if he survived him, one part to his son Orange, for life, after his death said part to be "equally divided between his children." There was a gift in similar words to his daughter Fanny and children, and another to his daughter Mary and children. It was then provided that if Frank should predecease the testator, his issue should take as a class, but should he die without issue, Orange, Fanny and Mary, or the survivors or survivor of them, if either of them should die without issue, shall have the use of the share given to him or her in equal portions during their natural life. Upon the decease of the children, Orange, Fanny or Mary, or either of them, the share of each was to be divided equally between his or her children, but in the case of the death of Orange, Fanny or Mary, or either of them, without issue, "the survivors or survivor of them shall have the use of the share or portion bequeathed and given to him or her during his or her natural life in equal portions. After his or her decease the share, the use of which is given to the parent, shall be divided between the parent's children share and share alike." Will construed, and held, that on the death of Fanny, leaving a daughter and two grandchildren, the descendants of a deceased daughter, Fanny's share passed to her daughter and granddaughters *per stirpes*, not *per capita*.

CROSS-APPEALS by the plaintiff, Edward H. Mount, as administrator, and the defendant Frederika B. Harris, individually and as administratrix and trustee, from a judgment of the Supreme Court construing the will of Benjamin Griffin, deceased, entered in the office of the clerk of the county of Queens on the 31st day of August, 1915, upon the decision of the court after a trial at the Queens County Special Term. The plaintiff and Frederika B. Harris, individually appeal from so much of such judgment as decrees that the two infant defendants are each entitled to one-fourth of a certain share of the estate, the use of which was devised to one Fanny Harris. Frederika B. Harris, as administratrix, appeals from the whole of said judgment, except in so far as it decrees that she is entitled to one-half the share of the estate, the income of which was devised to Fanny Harris and awards her costs and disbursements.

Thomas P. de Graffenried, for the plaintiff.

Clinton B. Smith, for the defendant Frederika B. Harris, individually and as administratrix, etc.

Jacob J. Aronson, for the defendants, respondents.

THOMAS, J. — The testator gave his property in trust, as I consider, with an imperative power of sale, some of it for the purposes of several life estates, one for his widow, one for his daughter Sarah, one for his brother, and directed that the residue and the sums reserved to support the life estates as they should expire " be divided in equal parts or portions."   One part he gave to his son Frank, if he survived him; one part he gave to his son Orange for his life, and added, " after his death such share part or portion is to be equally divided between his children; " one part he gave in similar words to his daughter Fanny and children, and another part in identical words to his daughter Mary and children.   Then he provided (1) that in case Frank predeceased him his issue should take as a class, but in case he should so die " leaving no issue," Orange, Fanny and Mary, " or the survivors or survivor of them if either of them should die without issue shall have the use of the share or portion given to him or her in equal portions during their natural life."   (2) " Upon the decease of my said children Orange J. Griffin, Fanny Harris or Mary Smith, or either of them the share which the parent is herein given and bequeathed the use of shall be and I direct it to be divided between his or her children share and share alike; " (3) " But in case of the death of my children Orange J. Griffin, Fanny Harris or Mary Smith, or either of them without issue the survivors or survivor of them shall have the use of the share or portion bequeathed and given to him or her during his or her natural life in equal portions.   After his or her decease the share the use of which is given to the parent shall be divided between the parents children share and share alike."   Fanny died in 1914, leaving a daughter Frederika, and two grandchildren, Frances de Gray

Mount and Richard Fletcher Mount, children of Fanny's daughter, Florence, who died in 1911, leaving such children and her husband, Edward H. Mount, plaintiff, who is her administrator. The questions are (1) does Fanny's sole surviving daughter, Frederika, take all the part of which Fanny had the use, or did her sister Florence take an indefeasible vested remainder in one-half thereof at the testator's death, so that her administrator succeeds to it; (2) even if Florence did not take in fees are her children, Frances and Richard, entitled to take an interest; (3) if the grandchildren do take, do they share with their aunt Frederika *per stirpes* or *per capita?* The testator knew of his grandchildren, for they, with their father and mother as well as Frederika, lived with him for some time prior to and after the execution of the will. The testator manifestly intended that upon the will taking effect his estate should become money, and that the money should at once be deemed separated into shares, to which the sums appropriated to the life estates for his widow, daughter Mary and brother, should be added as such estates fell in. He intended that Frank, surviving him, should take in fee; that Orange, Fanny and Mary should each take a share for life, and as to that he said, "I give and bequeath," but he did not extend such words to the children of each, but merely directed division of money among the children. Throughout the will the testator persists in the direction to divide after the death of the life beneficiary, and forbears to use words indicating an earlier gift. Such obvious exclusion of words vesting a share in the children of any life beneficiary, prior to the expiration of the life estate, cannot be ignored, and so it must be decided that neither Frederika nor Florence took a remainder during the life of the mother, Fanny. Who, then, took at Fanny's death — her daughter Frederika alone, or Frederika and Florence's two children? The will says that upon the death of Orange or Fanny or Mary, the share usable for each shall be divided "between his or her children share and share alike."

Does that mean children and grandchildren? Let it be assumed that Frederika as well as her sister Florence had died before Fanny. Would Florence's two children, Fanny's two grandchildren, have taken under the will? The will provides that if either Orange, Fanny or Mary die *without issue,* the survivors shall for life take the use of the share of the one dying, and that after his or her decease the share given the parent for use shall be divided between the parent's children, share and share alike. But I think that such survivor or survivors, and their children after them, would not take the share usable by one dying and leaving grandchildren, for such grandchildren would be issue of their grandparent, and the gift would not go over in that case. But if on account of such issue the share would not go over to the survivors, it must be that the issue, although grandchildren, would take. But if the grandchildren, for instance of Fanny, would so take, they would take some interest, although their aunt Frederika were living. The same indications are found in another part of the will, where it is provided that in case Frank, leaving no issue, die before the testator, Orange, Fanny and Mary, or the survivor or the survivors of one dying *without issue,* shall take the use. Assume that Fanny died leaving only grandchildren, would the surviving life tenants take the use? In that case the portion of Frank's share would, I consider, go directly to Fanny's issue, although they were only grandchildren. Finally, do Frederika, Fanny's daughter, and her sister Florence's children take *per stirpes* or *per capita?* It may be argued that if the term " children " includes children and grandchildren in one class, each member of the class takes an equal share. But again the will must be scanned. Looking concretely at the matter, the testator doubtless contemplated his daughter Fanny as the mother of two children, Frederika and Florence, and he expected the mother to take the use and primarily her children to take a share. It does not follow that, if he intended the issue of a child dying to take, he meant that such issue should take

more than is parent would have taken if living, and so trench on the interest given to another child. It is expectable that he might desire his grandchildren to stand in the place of a parent, but not to oust partially another child. It seem a natural construction that the grandchildren shall take as the issue of their parent, and, taking as the issue of the parent, they would take the parent's share and no more. In construing the will, the opinion in Matters of Farmers' Loan & Trust Co. (213 N. Y. 168) furnishes valuable aid.

The judgment should be affirmed, with costs to the respondents.

CARR, STAPLETON, MILLS and PUTNAM, JJ., concurred.

Judgment affirmed, with costs to the respondents Frances de Gray Mount and Richard Fletcher Mount.