In the Matter of the Estate of ISAAC GREEN PEARSON, Deceased.

Surrogate's Court, New York County, February (Received March, 1924).

**Wills — construction — when the word " issue " will be interpreted to mean a division per stirpes instead of per capita.**

The word " issue " in the law of wills includes all descendants and contemplates a *per capita* distribution unless such construction frustrates the obvious intention of the testator, as manifested in his will, and results in an inequality of distribution where an even distribution was clearly contemplated, and in the latter instances an exception is made to said rule, and distribution must be *per stirpes*.

The testator died leaving him surviving several grandchildren, one of whom died leaving her surviving an unmarried daughter, a daughter who has three infant children, and two infant children of a deceased son. Under the clauses of testator's will creating a trust for the benefit of his grandchildren the principal was directed to be divided into as many shares " as there shall be grandchildren of mine living at the time of my death or who shall have died leaving issue me surviving and to set apart and designate one of such shares for each of my said grandchildren * * * and upon the death of each such grandchild, I give and devise the said share so set apart and designated for him or her to his or her issue in fee simple." *Held*, that the word " issue " as used in the will must be interpreted to mean a division *per stirpes* and it is so decreed.

PROCEEDINGS upon an accounting and to construe a will.

*Baylis & Sanborn*, for petitioners.

*Harold Flatto*, special guardian for Beta, Eleanor and Natalie Beach.

*John J. Robinson*, special guardian for Murdock infants.

*Williamson & Bayles*, for Marian P. Murdock, remainderman.

*Larkin, Rathbone & Perry*, for Eleanor H. Beach.

O'BRIEN, S. In this accounting proceeding the court is asked to construe the term " issue " as used in the paragraph relating to the remainder of testator's property.

This paragraph, in which a trust is created for the benefit of testator's grandchildren in equal shares, reads as follows:

" To divide the same into as many equal shares as there shall be grandchildren of mine living at the time of my death, or who shall have died leaving issue me surviving and to set apart and designate one of said shares for each of my said grandchildren, and after paying out of the income thereof all charges upon the said property, including taxes and assessments and the interest accruing from time to time upon whatever amount shall remain unpaid upon the

mortgage or any mortgage that shall be upon said premises, to apply the whole residue of the income, from time to time, as may be practicable, to the gradual reduction and final payment in full of such mortgage, and from and after the time when such mortgage shall be fully paid and discharged, to apply the whole net income of each of said shares, respectively, to the use of that one of my grandchildren for whom the same had been set apart and designated as aforesaid, during the life of such grandchild, and upon the death of each such grandchild, I give and devise the said share so set apart and designated for him or her to his or her issue in fee simple.''

Testator died leaving several grandchildren surviving him. His will was admitted to probate on June 13, 1874. One of these grandchildren, Mary P. Murdock, died May 22, 1923, leaving issue as follows: Marion P. Murdock, an unmarried daughter; Eleanor B. Beach, who has three infant children, Beta, Eleanor and Natalie; and two infant children of James P. Murdock, a deceased son, to wit, Rebecca Murdock and Mary P. Murdock.

The definite question here presented is how and to what extent these great-grandchildren and great-great-grandchildren share under the terms of paragraph 6 of the will, above quoted. It is a well-settled principle of law that the word " issue " includes all descendants and its use contemplates a *per capita* distribution unless this construction frustrates the obvious intention of the testator, as manifest in the testament, and results in an inequality of distribution where an even division was clearly contemplated. In the latter instances an exception is made to the rule and distribution must be *per stirpes. Matter of Farmers Loan & Trust Co.*, 213 N. Y. 168; *Matter of Durant*, 231 id. 41; *Matter of Lawrence*, 111 Misc. Rep. 524; *Estate of Cotheal*, 121 id. 665.

In the will before us the intention of the testator to distribute the remainder equally and *per stirpes* is clear and certain. In the clauses creating the trust the principal is divided into as many shares " as there shall be grandchildren of mine living at the time of my death, or who shall have died leaving issue me surviving and to set apart and designate one of such shares for each of my said grandchildren." This language discloses fully the intention to create as many shares as there were grandchildren living or dead; in other words, to provide for a stirpital distribution. This intention is again indicated in the clause near the end of the paragraph, viz., " and upon the death of each such grandchild, I give and devise the *said share so set apart and designated for him or her to his or her issue in fee simple."* A *per capita* distribution of this remainder would result in a division of seven parts as against the three parts or shares undoubtedly intended by the testator and would permit

great-great-grandchildren to share equally with living great-grandchildren, their parents.

I hold, therefore, that the word " issue " as used in this will must be interpreted to mean a division *per stirpes*. A decree may be submitted on notice construing the will accordingly.

Decreed accordingly. _____