In the Matter of the Estate of CALVIN STEVENS, Deceased.

Surrogate's Court, New York County, May 5, 1927.

Wills — construction — testator directed that share in trust for child dying leaving lawful issue surviving should go to surviving issue absolutely — on death of testator's last surviving daughter corpus of fund should be paid to said daughter's only child — will evidences clear intention to distribute fund per stirpes and not per capita.

Decedent, who died in 1877, after creating a trust for the benefit of certain designated children, provided that " if any of my said children shall die leaving lawful issue surviving him or her, that portion of my estate, held for the benefit of the one so dying, with all its accumulations, shall belong absolutely upon his or her death, unto his or her then surviving issue." He further directed that " the issue of any one of my children who shall decease shall in every case take absolutely and free from all trust that share of my estate and that fund, the income of which its parent would be or become entitled, if living." The trustees, having held the trust fund for the benefit of testator's last surviving daughter, should on her death, now distribute the entire remainder *per stirpes* to testator's grandchild, the only child of the remaining life beneficiary, since the language of the will evidences a clear intention on testator's part to distribute the fund in that manner rather than *per capita*.

The old common-law rule that a gift to the issue of a person was to be regarded as a gift *per capita* has been abrogated by later court decisions and by statute and though section 47-a of the Decedent Estate Law (as added by Laws of 1921, chap. 379) has no application in this instance, since decedent died in 1877, the later decisions as to distribution are controlling here.

ACCOUNTING proceeding involving construction of will.

*Edward J. Prest* and *William C. Orr,* for the petitioners.

*Taylor, Knowles & Hack,* for Catherine L. Harris.

*Frank Aranow,* special guardian.

O'Brien, S. The term " issue " used in the 4th paragraph of decedent's will is the subject of a question of construction raised in an accounting proceeding in this estate. Said paragraph reads as follows:

" *4th.* If any of my said children shall die leaving lawful issue surviving him or her, that portion of my estate, held for the benefit of the one so dying, with all its accumulations, shall belong absolutely upon his or her death, unto his or her then surviving issue, and if any one of my said said three children shall die without issue surviving him or her, then the portion held for his or her benefit, with its accumulations, shall be added in equal parts to the portions held for the benefit of my other two children, if they or either one of them shall be then surviving, and shall be retained and held, in trust, and be dealt with, and the income thereof applied, as if part and parcel of the original shares respectively. And it is my will that the issue of any one of my children who shall decease shall in every case take absolutely and free from all trust that share of my estate and that fund, the income of which its parent would be or become entitled, if living, and whether consisting of the original one-third share set apart for the benefit of my deceased child, or whether derived or derivable from the share of a sister or brother deceased without issue."

*The testator died in 1877* and his will was admitted to probate on April seventh of that year. This accounting is made by the trustees of the trust created for the benefit of Mary Grace Richardson (formerly Mary Grace Stevens) who died in July, 1926, and was the last surviving daughter of Calvin Stevens. The trustees have held the trust fund for her benefit during her life and now upon her death are preparing to distribute the remainder. The question raised concerns said distribution. Catherine L. Harris, only child of Mary Grace Richardson, the deceased life beneficiary of the trust, contends that she is entitled to receive the entire remainder under a distribution *per stirpes* as against her living children (grandchildren of said beneficiary) under a distribution *per capita.* The old common-law rule that a gift to the issue of a person was to be regarded as a gift *per capita* has been abrogated in this State both by later court decisions and by statute. While in this instance section 47-a of the Decedent Estate Law (as added by Laws of 1921, chap. 379) does not apply, for the reason that decedent died in 1877 and the statute applies only to those dying after the statute went into effect, the later decisions are controlling. (*Matter of Farmers' Loan & Trust Co.,* 213 N. Y. 168, 171; *Matter of Durant,* 231 id. 41; *N. Y. Life Ins. & Trust Co.* v. *Winthrop,* 237 id. 93, 105; *Matter of Lawrence,*

238 id. 116; *United States Trust Company* v. *Baes,* 124 Misc. 48; affd., 216 App. Div. 807; affd., 245 N. Y. 514.)   The gist of all these decisions is that the above rule favoring a presumption of distribution *per capita* yields to a " very faint glimpse of a different intention." The intention of testator to distribute the remainder of this trust fund *per stirpes* is evidenced by the language used in the last part of the 4th clause of his will in which he states: " And it is my will that the issue of any one of my children who shall decease in every case take absolutely and free from all trust that share of my estate and that fund, the income of which its *parent* would be or become entitled to, if living."

I hold, therefore, that the contention of Catherine L. Harris, the grandchild of testator, should be sustained and that distribution of the remainder should be *per stirpes* and not *per capita,* viz., that the corpus of said fund should be paid to said granddaughter to the exclusion of the latter's children.   Submit decree on notice construing the will and settling the account accordingly.