In the Matter of the First Intermediate Accounting of IRVING TRUST COMPANY, as Trustee of a Trust Made by WADE LANGSTON and Others.

Supreme Court, Special Term, New York County, June 21, 1962.

*Gifford, Woody, Carter & Hays* (*John P. Sweeney* and *Robert A. Barron* of counsel), for petitioner. *Thomas J. Todarelli* for Lewise B. Langston and another. *August W. Becker* for Emily W. Becker.

SAUL S. STREIT, J. This is a proceeding pursuant to article 79 of the Civil Practice Act for the judicial settlement of the account of proceedings of Irving Trust Company, as trustee, under trust agreement, dated December 6, 1930, made by Wade Langston, Martha L. Morrow and Porter Langston. The trustee also asks for instruction as to the persons now entitled to that

portion of the income of the trust heretofore paid to Lewise Beach Langston.

The pertinent portion of the agreement reads as follows:

"1. The income therefrom is to be paid to Wade Langston, Martha L. Morrow and Lewise Beach Langston (wife of Porter Langston) quarterly equally share and share alike, and upon the death of Wade Langston, Martha L. Morrow or Lewise Beach Langston, the income which would be due him or her is to be paid to the survivor or survivors equally, provided the party thus dying leaves no issue, except that in the event of the death of Lewise Beach Langston during the life of said Porter Langston the income which would otherwise have gone to her shall be due and payable to said Porter Langston during his life, said Porter Langston being substituted for his said wife as a beneficiary of said trust fund for all purposes.

"If the party thus dying leaves issue the income which he would have received shall be paid to his executors or administrators for the benefit of such issue; or to such issue directly if of the age of twenty-one.

"Upon the death of said Wade Langston, Martha L. Morrow and Porter Langston, irrespective as to whether or not said Lewise Beach Langston is living, the principal of said trust estate is to be divided equally among all their issue per stirpes and not per capita."

The chronology of events leading up to this construction were as follows: Wade Langston, a grantor and income beneficiary, died on November 20, 1943, leaving no issue surviving. On his death, his portion of the trust income was paid share and share alike to Martha L. Morrow and Lewise Beach Langston in accordance with the provisions of the trust agreement above quoted.

On April 4, 1938, Porter Langston (a grantor of the trust) died leaving his wife Lewise Beach Langston, his son Beach Langston, and his daughter Martha Langston Becker. Lewise Beach Langston, an income beneficiary, died on February 1, 1961, survived by her son Beach and Emily Wade Becker, a daughter of Martha Langston Becker, the predeceased daughter of Lewise Beach Langston. There was also surviving Catherine C. Langston, Lewise B. Langston and Dorothy C. Langston, children of Beach Langston.

The principal matter to be determined here is whether the issue of Lewise Beach Langston should receive the income which was paid to her during her lifetime, per stirpes or per capita. If the distribution is per stirpes, then it will be paid equally to

Beach Langston and Emily Wade Becker; if it is to be per capita, it will be paid equally to Beach Langston, Emily Wade Becker, Catherine C. Langston, Lewise B. Langston and Dorothy C. Langston.

There is no doubt that the common law in New York recognizes a presumption in favor of per capita distribution where the word " issue " is used; however, the presumption yields to a very faint glimpse of a different intention (*Central Hanover Bank & Trust Co.* v. *Pell,* 268 N. Y. 354, 358; *Matter of Farmers' Loan & Trust Co.,* 213 N. Y. 168, 173). The common-law presumption in wills was likewise changed in 1921 by section 47-a of the Decedent Estate Law, so that today in those cases the contrary presumption exists.

An examination of the above-quoted provision of the trust agreement, wherein it is provided that a party dying leaving issue, the income will be paid to his executor or administrator for the benefit of such issue or to such issue directly if of the age of 21, as well as the provision for payment of the principal of the trust upon the death of the beneficiaries equally among all their issue per stirpes and not per capita, lends the faint glimpse necessary to remove this case from the operation of the common-law rule. The trustee is therefore directed to pay the income which was paid to Lewise Beach Langston during her lifetime to her issue per stirpes.

One further question remains, the trust provides, as indicated above, that where surviving issue be under the age of 21, the income which " he " would have received be paid to his executors or administrators for the benefit of such issue. The brief of petitioner indicates that no executor will be appointed for Lewise Beach Langston and the petitioner asks for directions to whom the infant Emily Wade Becker's income shall be paid.

Attached to the papers submitted on this motion is a letter from August W. Becker, an attorney, the father of Emily Wade Becker, wherein he disclaims any charge for his services.

If, on the settlement of the order herein, there be no executor appointed for the estate of Lewise Beach Langston, the court will appoint the father of Emily Wade Becker to receive the income for the benefit of his daughter.

The fee of the special guardian for the infants Lewise B. Langston and Dorothy C. Langston will be fixed on the signing of the order.