WILLIAM S. DEXTER & another *vs.* CHARLES E. INCHES & others.

Suffolk. March 30, 1888. — June 22, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Devise in Trust — " Issue " construed to mean Children.*

A testator, by his will, gave the residue of his property in equal shares to eight children, and provided that, in case of the decease of either, leaving issue, before receiving a share, "such issue shall represent and take the parents' share." Seven of the children were to take their shares outright, but the share of one son was put in trust, such share to go at his decease, if he left no widow, to his "issue," without more. The son died leaving no widow, but leaving three children, and also grandchildren and great-grandchildren, descendants of two of the three children. *Held*, that the son's children were entitled to his share, to the exclusion of his more remote descendants.

HOLMES, J. This is a bill, brought by trustees under the will of Henderson Inches, for instructions as to who are the parties entitled under a clause leaving one eighth of the residue in trust for the testator's son Charles for life, and then proceeding as follows: "At and after the decease of said Charles, if he shall leave a widow and issue, the income of said fund shall be paid, one moiety for the use of the relict of said Charles, and the other moiety to his issue during the life of such relict. If said Charles shall leave no widow, and shall leave issue, then at his decease the principal or capital sum shall be paid and distributed equally to and among the issue of said Charles; and if said Charles shall die leaving a widow and no issue, then the widow shall enjoy the whole income during her life. If at the decease of said Charles and his widow, if one shall survive him, there shall be no issue of said Charles then living, the principal sum or trust fund shall go to my other children in equal parts or shares."

Charles died leaving no widow, but leaving three children, and also grandchildren and great-grandchildren, descendants of two of these three children; and the question is whether the grandchildren and great-grandchildren are entitled to share with the children from whom they are descended.

The testator gave the residue of his property to his eight children in equal shares, seven of them taking their shares outright, but Charles's share being put in trust for him by a subsequent clause, with the above recited limitation over, which we have to construe. The will further provides that, "in case of the decease of either or any of my children before the receipt of his or her share, leaving issue him or her surviving, such issue shall represent and take the parents' share."

The general scheme of the will, then, was one of equal division, in which the issue of any of the other seven children who died intestate would have taken by way of representation, and the issue of any child, including Charles, would have taken by way of representation, if that child had died " before the receipt of his share."

However the English courts would construe the word " issue," in the clause before us, occurring in such a will, we cannot bring our minds to doubt that the testator intended issue to take in a representative or quasi-representative way, and we think that the intention fairly appears from the will itself, in the circumstances to which we have adverted. The difficulty which was felt by Lord Loughborough, in *Freeman* v. *Parsley*, 3 Ves. 421, in finding a medium between total exclusion of grandchildren and the admission of them to share with their parents, does not strike us as insuperable, supposing that he would have felt it in such a case as this. Nor do we think that a difficulty in stating a conclusion justifies a construction which the language used, as well as the probabilities, show to be contrary to what the testator could have meant.

Undoubtedly " issue " may mean, and in this clause does mean, more than children. If one child of Charles had died at any time leaving children living at Charles's death, we will assume that they would not have been excluded. See *Ralph* v. *Carrick*, 11 Ch. D. 873, 882. But " issue" is a word which lends itself very easily to the expression of representation. *Ross* v. *Ross*, 20

Beav. 645.   *Robinson* v. *Sykes*, 23 Beav. 40, 51.   *In re Orton's trust*, L. R. 3 Eq. 375, 380.   The issue of Charles would have taken by way of representation in one event.   If Charles had died " before the receipt of his share," his issue would have " represented " him by the words of the will.   There is no reason for issue (the same word) taking the same sum otherwise than by way of representation in the other event, which has happened.   If the context of the clause which we have to construe does not of itself show clearly in what sense the testator used the word, the alternative limitation makes it plain.   We are of opinion that the word "issue," as here used, means descendants taking by way of representation.   What the principle of division would have been had there been no descendants alive nearer than grandchildren, we need not discuss.   Possibly in that case each grandchild would have formed a new *stirps*, after the analogy of the statutes.   Pub. Sts. c. 125, § 1, cl. 1.   See further *King* v. *Savage*, 121 Mass. 303; *Hall* v. *Hall*, 140 Mass. 267 ; *Bowers* v. *Porter*, 4 Pick. 198, 208, 210, 211.   See also construction of Rev. Sts. c. 62, § 24, (Pub. Sts. c. 127, § 23,) in *Tillinghast* v. *Cook*, 9 Met. 143, 148.          *Decree for the children.*

*R. H. Gardiner*, for the children.

*R. F. Sturgis*, for the grandchildren and great-grandchildren.