PROVIDENCE COUNTY.

ROBERT I. GAMMELL, Trustee, *vs.* O. HERBERT ERNST *et als.*

The word "issue" in a will when unrestricted by any indications of a contrary intention is to be construed as including all descendants. To limit its meaning to children only, the testator's intention to do so must appear in the will.
*Pearce* v. *Rickard,* 18 R. I. 142.

A testatrix by her will gave the residue of her estate to a trustee to pay over the income thereof in equal shares to her three daughters L., A. and H., and then provided (*a*) that on the decease of either of the daughters "leaving issue" her share of the whole trust fund should "be paid over to the issue of such deceased daughter;" (*b*) that on the death of either of the daughters "without leaving issue" her share of the income of the trust fund should be paid to the surviving sister or sisters; (*c*) that the trust should continue during the joint and several lives of the daughters; (*d*) that on the death of the survivor of the three daughters, "if she leaves issue, said issue" should take the distributive share of the trust fund "belonging to his, her or their mother," and the residue (if any) to be divided equally among the children of the three daughters, "that is, my said grandchildren to inherit in the right of their respective mothers;" (*e*) that if the last survivor of the three daughters die "without leaving issue," then the trust fund should be divided equally among "the children and issue of my said three daughters . . . . . in the manner before stated."

Two of the daughters, L. and A., one of whom was the survivor of the three, died without issue. M. died leaving two children, E. and R., both of whom have children living.

*Held*, that the intention of the testatrix was sufficiently manifest from the terms of the will to make the children of her three daughters sole beneficiaries if the daughters should leave children surviving at their decease, and, consequently, that E. and R., the children of M., were alone entitled to the trust estate.

BILL IN EQUITY for instructions.

*November* 4, 1895.   MATTESON, C. J.   This is a bill for instructions. The questions arise under the third clause of the will of Elizabeth Amory, deceased, the material portions of which are as follows :

"Third :—I give, devise and bequeath all and singular the rest, residue and remainder of my estate both real and personal to my said son in law Robert Hale Ives before named, my executor and to his heirs and assigns in Special Trust, for him to manage and improve, and to collect and pay over the rents, income and profits thereof, equally to be divided to and among my following named children, to wit, Louise Morris Amory one-third part thereof : Anna McLean Amory one-third part thereof, and Helen Maria Lee one-third part thereof. . . .

(*a*) On the decease of either of my said three daughters leaving issue, her distributive share or portion of the whole property composing the trust fund shall be paid over to the issue of such deceased daughter, to be and remain to such issue and his her or their heirs and assigns forever.

(*b*) And on the death of either of my said three daughters without leaving issue her share or portion of the profits and income of the trust fund as it may then be, shall go to and be paid to the surviving sister or sisters before named for her or their sole use and benefit.

(*c*) The trust created by this item of my will to continue and remain in full force, during the joint and several lives of my said three daughters.

(*d*) On the death of the last of my said three daughters, if she leaves issue, said issue to take the distributive share and portion of the trust capital belonging to his her or their mother, and the residue of said capital fund (if any) to be divided equally among the children of my said three daughters before named in this item of my will : . . . . . . that is my said grandchildren to inherit in the right of their respective mothers. . . . . .

(*e*) And should the last survivor of my said three daughters, to wit, Louise Morris Amory, Anna McLean Amory and Helen Maria Lee die without leaving issue then the capital of the trust fund, then in the hands of said trustee, or his successor however & wherever the same may be invested, shall be divided to and among the children and issue of my said three daughters . . . . . in the manner before stated . . . . ."

Louise M. Amory died, on or about April 10, 1866, without issue. Helen M. Lee died, on or about April 15, 1893, leaving a daughter, the respondent Elizabeth A. Ernst, wife of the respondent O. Herbert Ernst, and a son, the respondent Robert I. Lee. The respondents Helen A. Ernst and Elizabeth Lee Ernst are the only children of the said O. Herbert Ernst and Elizabeth A. Ernst. The infant respondents Helen A. Lee, Thomas A. Lee and Anna Louise Lee are the only children of the said Robert I. Lee. Elizabeth A. Ernst and her two children before named, and Robert I. Lee and his three children before named, are the only descendants now living of said Helen M. Lee. Anna McLean Amory died without issue, on or about February 2, 1894.

The questions concerning which instruction is asked are :

1.—Whether, upon the decease of said Helen M. Lee, her daughter Elizabeth A. Ernst and her son Robert I. Lee became exclusively entitled to one-third of the trust estate, or whether the children of said Elizabeth, to wit, Helen A. Ernst and Elizabeth Lee Ernst, and the children of said Robert I. Lee, to wit, Helen A. Lee, Thomas A. Lee and Anna Louise Lee, also became entitled to an interest and share in said one-third of the trust estate, and if so in what proportions.

2.—Whether or not, upon the decease of said Anna McLean Amory, the said Elizabeth A. Ernst, and the said Robert I. Lee became exclusively entitled in equal proportions to the two-third parts of said trust estate, or whether the children of said Elizabeth and the children of said Robert became entitled to share and participate therein, and if so in what proportions.

The testatrix describes the beneficiaries who are to take the trust estate, on the decease of the last survivor of her three daughters, by the words "children and issue." In *Pearce v. Rickard*, 18 R. I. 142, after a full examination of authorities, we held that the word "issue," unrestricted by any indication of a contrary intention, is to be construed to include all descendants, and hence that it is necessary, in order to limit its meaning to children only, that the intention of the testator to do so should appear in the will. The question, therefore, whether, on the termination of the trust, the children of Mrs. Lee, to wit, Elizabeth A. Ernst and Robert I. Lee, became exclusively entitled to the trust estate, or whether their children, the grandchildren of the testatrix, also became entitled to share with them in the trust estate, depends on the construction to be given to the word "issue" as used by the testatrix, and this in turn depends on whether it was the intention of the testatrix to limit the meaning of the word "issue" to children in the first instance.

For convenience of reference, we have designated the separate paragraphs of the will which we have quoted as (a), (b), (c), (d), and (e).

We are of the opinion that the intention of the testatrix to

make the children of the three daughters beneficiaries to the exclusion of their children, in the event that the daughters should leave children surviving at their decease, sufficiently appears. *Dexter* v. *Inches*, 147 Mass. 324. For, though in paragraph (a) the gift is to the issue generally of a daughter on her decease of her distributive share, in paragraph (d), after having directed in paragraph (c) that the trust should continue during the joint and several lives of the three daughters, the testatrix provided that on the death of the last of the three daughters leaving issue, the issue shall take.the distributive share "belonging to his her or their *mother*," thus clearly indicating that the word "issue," as here used, is to be restricted to the children of the daughter. The same intention also clearly appears by the gift of the residue of the capital of the trust fund, if any, to be divided equally among the *children* of the three daughters, and by the explanatory phrase thrown in by the testatrix "that is my said *grandchildren* to inherit in the right of their respective mothers." *Buckle* v. *Fawcett*, 4 Hare, 536, 544 ; *Taylor* v. *Taylor*, 63 Penn. St. 481, 484 ; 11 Am. & Eng. Encyc. Law, 875, and cases cited in note. In paragraph (e), though the direction is that, in the event that the last surviving daughter dies without leaving issue, the capital of the trust fund shall be divided among the children *and* issue of the three daughters, yet that division is to be "*in the manner before stated* ;" that is, as stated in paragraph (d), equally among the children of the three daughters and in the right of their respective mothers ; the more remote issue, if any, taking only by way of representation of a deceased parent.

We therefore answer, to the questions submitted, that the children of Mrs. Lee, to wit, Elizabeth A. Ernst and Robert I. Lee are alone entitled to the trust estate remaining in the hands of the trustee.

*Thomas C. Greene*, for complainant.

*Robert W. Burbank & Samuel S. Durfee*, for different respondents.