CLOTHILDE BODINE et al., Respondents, *v.* RONALD K. BROWN et al., as Trustees of GEORGE CHESTERMAN, Deceased, et al., Appellants; LOUIS A. S. BODINE et al., Respondents.

*Bodine* v. *Brown*, 12 App. Div. 335, affirmed.
(Argued December 8, 1897; decided January 11, 1898.)

APPEAL, by certification, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 30, 1896, which affirmed an interlocutory judgment entered upon a decision of the court at Special Term, confirming the report of a referee upon the trial of issues in an action for partition.

The questions certified were as follows:

*First.* Whether under the will and codicils of George Chesterman appearing in the record, the words "heirs of such child," in the 8th clause of said will, mean the heirs of the

body or issue of such child, or whether they mean the persons who would inherit the real estate of which such child might die seized under the law of New York, in case such child died intestate.

*Second.* Whether in case of the death of either of the children of George Chesterman, the testator, without leaving issue, the fourth part of the real estate of said testator set apart for the use of such child so dying, is to be distributed among the surviving brothers and sisters of such child so dying without issue, and the issue of any deceased brother or sister, *per stirpes* or *per capita.*

*Third.* Whether in case of the death of either of the children of said testator without issue, the said testator, George Chesterman, died intestate in respect to the remainder in the share of the real estate of said testator set apart for the benefit of such child during his or her life.

*William G. Choate* and *George W. Van Slyck* for appellants.

*Charles F. Brown* and *F. J. Worcester* for respondents.

Judgment affirmed on opinion below, with costs, and the questions certified to this court answered as follows:

*First.* The words "heirs of such child," in the 8th clause of the testator's will, mean the person or persons who, in case such child should die intestate, would, under the laws of New York, inherit the real estate of which he or she might die seized.

*Second.* If any of the children of the testator die without leaving issue, the one-fourth of the real estate set apart for the use of that child is to be distributed among his or her surviving brothers and sisters and the issue of any deceased brother or sister *per capita* and not *per stirpes.*

*Third.* In case of the death of any of his children without issue, the testator did not die intestate in respect to the remainder in the share set apart for the benefit of each child during life, but it goes to his or her heirs at law to be equally divided between them.

All concur.