VAN LOAN WHITEHEAD, Individually, and VAN LOAN WHITEHEAD and JAMES M. GIFFORD, as Executors, etc., of HARRIET WHITEHEAD, Late of the County of New York, Deceased, and as Trustees of the Trusts Therein Created, Respondents, v. HARRIET C. GINSBURG, Appellant, Impleaded with CATHERINE WHITEHEAD and WILLIAM WHITEHEAD, Respondents, and Others, Defendants.

First Department, June 3, 1921.

**Wills — trusts — provision that on death of beneficiary income shall be paid to lineal descendants in equal shares — grandchildren of deceased son of beneficiary take per stirpes and not per capita where daughter of beneficiary living.**

Under a will bequeathing property in trust, a portion of the income to be paid to Mary E. Yates, who is still living, and the balance to two sons of the testatrix, which provided " in case of the decease of either of my sons during the life of said Mary E. Yates, to pay the share of dividends to which my said sons would have been entitled, to the lineal descendants of such deceased son in equal shares. On the decease of said Mary E. Yates, then I direct my executors to divide said stock equally between my said sons the lineal descendants of any deceased son to be entitled to the portion to which their parent would have been entitled if living,"

grandchildren of a deceased son take *per stirpes* and not *per capita*, where a daughter of said son is living.

While the event has not occurred which requires a construction of the latter portion of the clause, still that portion should be taken into consideration in determining the intention of the testator concerning the disposition of the income prior to the termination of the trust estate.

SMITH, J., dissents, with opinion.

APPEAL by the defendant, Harriet C. Ginsburg, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 20th day of April, 1920, upon the decision of the court rendered after a trial at the New York Special Term.

*Harry L. Horwitz* [*Louis Ferkin* with him on the brief], for the appellant.

*Alfred P. W. Seaman* of counsel [*Gifford, Hobbs & Beard*, attorneys], for the plaintiffs, in behalf of appellant.

*J. Teller Schoolcraft*, for the respondents.

PAGE, J.:

Harriet E. Whitehead died on September 9, 1911, a resident of the county of New York, leaving a last will and testament dated August 20, 1904, which was duly admitted to probate on November 16, 1911. This is an action by Van Loan Whitehead, individually, and by the executors of said will and trustees of the trusts therein created, for a construction of the 5th clause of the will which, so far as material to this appeal, reads as follows:

" *Fifth.* I give and bequeath all the stock owned by me in the corporation known as Whitehead Brothers Company, to my executors hereinafter named, IN TRUST, HOWEVER, to receive and collect the dividends from time to time declared thereon, and to pay from such dividends the sum of Twenty-five Dollars ($25.00) monthly to my sister-in-law, MRS. MARY E. YATES of Old Bridge, New Jersey, during the term of her natural life, and to divide the balance of said dividends equally between my said sons; and in case of the decease of either of my sons during the life of said Mary E.

Yates, to pay the share of dividends to which my said sons would have been entitled, to the lineal descendants of such deceased son in equal shares.

" On the decease of said Mary E. Yates, then I direct my executors to divide said stock equally between my said sons the lineal descendants of any deceased son to be entitled to the portion to which their parent would have been entitled if living."

The testatrix left her surviving two sons, Van Loan Whitehead, one of the plaintiffs herein, and Lydell Whitehead, who died on February 4, 1915, leaving him surviving a daughter, Harriet C. Whitehead (now Harriet C. Ginsburg, the defendant, appellant, herein), and a son William Whitehead, 2d. At the time of the death of Lydell Whitehead his son had living a daughter, Catherine Whitehead, born September, 1907. Thereafter, on August 23, 1917, there was born to William Whitehead, 2d, a son, William Whitehead.

At the time of her death the testatrix owned 252 shares of the preferred and 252 shares of the common stock of Whitehead Brothers Company, a New Jersey corporation, which is the stock referred to in the 5th clause of the will.

During the lifetime of Lydell Whitehead dividends received on said stock, after the payment of twenty-five dollars per month to Mary E. Yates, were divided equally between Van Loan Whitehead and Lydell Whitehead. After the death of Lydell Whitehead one-half was paid to Van Loan Whitehead and one-quarter each to Harriet C. Ginsburg and William Whitehead, 2d. No part of the dividends was paid to the children of William Whitehead, 2d, the trustees treating the provision of the will as requiring a distribution *per stirpes* to the lineal descendants of Lydell and not *per capita* among them. Mary E. Yates, upon whose life the trust is limited, is still living.

The court at Special Term has construed the 5th clause of the will as requiring a distribution of that portion of the income which was to be paid to Lydell Whitehead among his lineal descendants *per capita* as follows:

From February 4, 1915, the date of the death of Lydell, to August 23, 1917, into three equal shares to Harriet C. Ginsburg, William Whitehead, 2d, and Catherine Whitehead;

from August 23, 1917, the date of the birth of William Whitehead, to May 22, 1918, into four equal shares, among Harriet C. Ginsburg, William Whitehead, 2d, Catherine Whitehead and William Whitehead; from May 22, 1918, the date of the death of William Whitehead, 2d, to the present time, into three equal shares between said Harriet C. Ginsburg, Catherine Whitehead and William Whitehead.

The learned justice at Special Term arrived at the conclusion from a consideration only of that portion of the 5th clause of the will that related to the distribution of income giving no consideration to that portion which provided for the distribution of the principal on the termination of the trust. Although, as he correctly states, the event has not occurred which requires a construction of the latter portion of the clause, yet where the question is the intention of the testator the whole will is to be read and any portion that throws light upon the meaning of the provisions directly involved should be taken into consideration. As to the 1st clause of the will, " standing alone the law would give it a certain meaning, but it would do so only in obedience to a supposed intent. If by the light reflected from other provisions a different intent is discoverable, the reason of the rule fails and a different result is reached." (*Hoppock* v. *Tucker*, 59 N. Y. 202, 209.) That the principal of the estate is to be divided " equally between my said sons the lineal descendants of any deceased son to be entitled to the portion to which their parent would have been entitled if living," clearly shows that as to principal the distribution was to be *per stirpes* and not *per capita*. If the trust should terminate immediately, therefore, Van Loan Whitehead would receive one-half of the principal, Harriet C. Ginsburg one-quarter, and Catherine Whitehead and William Whitehead each one-eighth.

It would require explicit language to show that the testatrix intended the income during the administration of the trust to be divided among the lineal descendants of the deceased son *per capita* and the principal *per stirpes*. Equality of distribution was the dominant thing in the testatrix's mind. Her sons were to share equally in the income. The lineal descendants of the deceased sons were to take in equal shares, and what she intended these words to mean is shown by the

concluding words of the clause, the lineal descendants " to be entitled to the portion to which their parent would have been entitled if living."

The use of the words "in equal portions," when applied to the issue of a deceased beneficiary, has been held sufficient to show an intent that the issue should take *per stirpes* and not *per capita.* (*Matter of Union Trust Co.,* 170 App. Div. 176, 178; affd., 219 N. Y. 537.) ⎡While the Court of Appeals has been very tenacious of the rule declared in *Soper* v. *Brown* (136 N. Y. 244, 250), that " under a gift to ' issue ' where the word is used without any terms in the context to qualify its meaning, the children of the ancestor and the issue of such children, although the parent is living, as well as the issue of deceased children, take in equal shares *per capita* and not *per stirpes,* as primary objects of the disposition," the courts have been astute to discover some faint glimpse of a contrary intention in order to escape applying the rule. (See cases cited in *Petry* v. *Petry,* 186 App. Div. 738, and in addition *Matter of Durant,* 231 N. Y. 41.) In passing we might observe that although the Court of Appeals was not impressed by the unanimous request of this court that they should reverse the rule declared in *Soper* . v. *Brown* (*supra*) and adopt instead the Massachusetts rule (*Dexter* v. *Inches,* 147 Mass. 324; *Jackson* v. *Jackson,* 153 id. 374; *Coates* v. *Burton,* 191 id. 180; *Silsbee* v. *Silsbee,* 211 id. 105), and refused to consider the request (*Petry* v. *Langan,* 227 N. Y. 621), the Legislature has adopted the latter rule, by adding to the Decedent Estate Law section 47a which provides: " If a person dying after this section takes effect shall devise or bequeath any present or future interest in real or personal property to the ' issue ' of himself or another, such issue shall, if in equal degree of consanguinity to their common ancestor, take *per capita,* but if in unequal degree, *per stirpes,* unless a contrary intent is expressed in the will." (Laws of 1921, chap. 379, in effect April 30, 1921.) Hereafter courts will be relieved of the necessity of searching for " faint glimpses " and " slight traces " in order to give effect to what they believe to be the intention of the testator.⎦

In the case under consideration the words " lineal descendants " are synonymous with " issue." (*Schmidt* v. *Jewett,* 195 N. Y. 486.) Reading the 5th clause of the will as a whole

it is my opinion that it sufficiently shows that this testatrix intended that the income should be distributed to the descendants of her deceased son *per stirpes* and not *per capita.*

The findings as conclusions of law will be reversed, and the judgment modified in accordance with this opinion, and as modified affirmed, with costs to all parties appearing and filing briefs in this case, payable out of the fund in the same manner as the costs are directed to be paid by the judgment. Submit order containing new conclusions of law.

CLARKE, P. J., LAUGHLIN and MERRELL, JJ., concur; SMITH, J., dissents.

SMITH, J. (dissenting):

Recognizing the rule that the presumption in this State favors a *per capita* distribution, and that the presumption yields to a very faint glimpse of a different intention (*Matter of Farmers' Loan & Trust Company*, 213 N. Y. 173, 174), I am unable to find from the record any glimpse of a different intention. The distribution of the surplus dividend is directed to be given " to the lineal descendants of such deceased son *in equal shares.*" Immediately thereafter, in the next paragraph, the will provides for a distribution of the corpus of the trust fund after the death of Mary E. Yates. This distribution is directed " equally between my said sons the lineal descendants of any deceased son to be entitled to the portion to which their parent would have been entitled if living." There appears to be no reason why the direction for the *per stirpital* division which governs the distribution of the corpus of the fund should not have been included in the provision for the distribution of the surplus income, if the testator had so desired. In fact, the contrary intention would seem to be indicated by the omission. We have no knowledge of the reason why a different direction has been given for the distribution of the surplus income and of the principal. Nor with that reason are we concerned, unless there be something in the will to indicate an intention for the distribution of the surplus income among the lineal descendants of the deceased son otherwise than an *equal* distribution thereof as directed. While the courts of this State recognize the rule of *per capita*

distribution where the contrary intent is not in some way indicated, effect must be given to that rule, and the rule should not be disregarded in this case unless we can find some intent to apply a different rule to the distribution of this surplus income from that which is, as I view it, both presumed and directed by the will.

I vote for affirmance.

Judgment modified as directed in opinion and as so modified affirmed, with costs to all parties appearing and filing briefs payable out of the fund. Settle order on notice.