In the. Matter of the Judicial Settlement of the Account of Proceedings of CENTRAL UNION TRUST COMPANY OF NEW YORK and ROBERT McM. GILLESPIE, as Trustees, etc., of LILLIAN STOKES GILLESPIE, Deceased.

CATHERINE DODGE ROGERS, an Infant, by JOHN S. ROGERS, Her General Guardian, and by RUSSELL WIGGINS, Her Special Guardian, Appellant; CENTRAL UNION TRUST COMPANY OF NEW YORK and Others, Respondents.

Second Department, December 23, 1921.

**Wills — construction — direction to divide into as many parts as there are children of third person surviving testatrix and to hold in trust till each child attained age of twenty-one — child born to said third person after testatrix's death entitled to share.**

Under a will which provides for a division of the residue of the estate of the testatrix " into as many separate parts as there may be children, surviving me," of a named third person and directing the trustees to hold separate trusts for said children and pay over the income quarterly, and that when each child should reach the age of twenty-one years its share should be paid over absolutely, a child born to said third person after the death of the testatrix and before any of the other children reached the age of twenty-one, is entitled to share equally under the trust with the children living at the death of the testatrix.

No *present* gift to *any* child was intended, but the testatrix's intention was that the legacy should vest only when and if the child reached the age of twenty-one.

APPEAL by Catherine Dodge Rogers, an infant, etc., from that portion of a decree of the Surrogate's Court of the county of Orange, entered in said surrogate's office on the 7th day of February, 1921, which.excludes said infant from participation in the estate of Lillian Stokes Gillespie, deceased.

*George H. Porter* [*Russell Wiggins*, special guardian, and *John S. Rogers*, general guardian, with him on the brief], for the appellant.

*William F. Cassedy*, for the respondent John B. Corwin, special guardian for the infants John S. Rogers, Jr., and others.

*James L. Banks, Jr.*, for the respondents, trustees.

RICH, J.:

Lillian Stokes Gillespie died on August 22, 1915, a resident of Orange county, N. Y., leaving a last will and testament dated January 27, 1914, which was duly admitted to probate by the Surrogate's Court of Orange county on September 23, 1915. By paragraph "eighteenth" of her will, testatrix directed her executors to divide the residue of her estate "into as many separate parts as there may be children, surviving me," of Catherine Cossitt Dodge Rogers, and directed her trustees to hold said separate trusts for said children for their respective lives, paying the income therefrom quarterly; and also directed that when each child should attain the age of twenty-one years, the principal so held in trust for each child be paid over to it absolutely. Four children of Catherine Cossitt Dodge Rogers survived the testatrix, while the appellant Catherine Dodge Rogers was born to Catherine Cossitt Dodge Rogers on April 23, 1919, subsequent to testatrix's death. Upon the accounting the learned surrogate of Orange county has directed the residue of testatrix's estate to be divided into five equal parts, and distributed, one-fifth each to May Dodge Rogers, John Shillito Rogers, Jr., Bard Pendleton Rogers, and two-fifths to Frederick Cossitt Rogers, and that Catherine Dodge Rogers be excluded from participation, and from that decision this appeal is taken.

The question presented is whether or not Catherine Dodge Rogers takes under the "eighteenth" paragraph of the will, as one of the children of Catherine Cossitt Dodge Rogers. The learned surrogate has found that she is not entitled to take, on the theory that the words contained in paragraph "eighteenth" of the will, "surviving me," refer to and limit the class which is entitled to take, to those children actually in being at the time of the testatrix's death; and this appeal is taken from so much of the decree as excludes Catherine Dodge Rogers from participation. It is contended by the appellant special guardian that inasmuch as the beneficiaries of the residuary estate take as a class, and the gift of the residue is a future and contingent one, membership in the class is not determinable until the arrival of the time for the distribution of the residuary estate; and it is urged that at the time of the birth of said infant, April 23, 1919, no one

of the other children of Catherine Cossitt Dodge Rogers had reached the age of twenty-one years, and the time had not arrived for the distribution of any part of the corpus of the estate mentioned in the " eighteenth " paragraph of the will. In other words, the use of the word " when," followed by a direction to pay, indicates that until the contingency named, viz., their arrival at twenty-one years of age, there was to be no vesting.

We are of the opinion that no *present* gift to *any* child was intended, and that the testatrix's intention was that the legacy should vest only when and if the child reached the age specified. No part of the principal was to go to the children until the time fixed for its absolute transfer. The gift of principal to the children was through the direction of payment, and consequently there is no vesting until the time to convey arrives. (*Matter of Baer*, 147 N. Y. 348, 354; *Matter of Crane*, 164 id. 71, 76; *Lewisohn* v. *Henry*, 179 id. 362.) The testatrix intended a gift to a class, to take effect in enjoyment at a future time, and the appellant is entitled to share therein.

The decree in so far as it excludes the appellant, Catherine Dodge Rogers, from a share in the income and residue of the said estate, is, therefore, erroneous, and must be modified so as to provide that the appellant, Catherine Dodge Rogers, is entitled to an equal portion or share of the residue of said estate, and the income therefrom; and as modified affirmed, with costs to the special guardian for Catherine Dodge Rogers, payable out of the estate.

BLACKMAR, P. J., MILLS, JAYCOX and MANNING, JJ., concur.

Decree of the Surrogate's Court of Orange county modified in accordance with opinion, and as modified affirmed, with costs to the special guardian for Catherine Dodge Rogers, payable out of the estate.