In the Matter of the Application of HELENA FLINT, as Sole Surviving Trustee of an Express Trust of the Sum of $30,000 for the Benefit of ADELE E. FLINT and Her Heirs under Paragraph " Sixth " of the Last Will and Testament of THOMPSON J. S. FLINT, for a Final Voluntary Judicial Settlement of the Account of Her Proceedings and for a Judicial Construction of Said Paragraph " Sixth " of Said Will.

Surrogate's Court, Westchester County, February, 1922.

**Wills — when distribution per capita and not per stirpes.**

The will of testator created trusts for certain of his children, the children to receive the income from the trust funds for life and at their decease the principal of each trust fund was directed to be divided equally among their heirs.   One of his daughters having died, leaving as heirs and next of kin a sister, descendants of a deceased sister, a brother and descendants of another brother, *held*, that the fund for the benefit of the deceased daughter should be distributed among all her heirs and next of kin *per capita* and not *per stirpes*.

ACCOUNTING proceedings with construction of will.

*Winthrop & Stimson*, for sole surviving trustee.

*Clarence DeWitt Rogers*, for J. S. Flint et al., certain heirs of Adele E. Flint.

SLATER, S.  Thompson J. S. Flint died on or about April, 1883.   His will was duly probated, and letters testamentary issued. Upon this final accounting the 6th paragraph of the will must be construed.   It is as follows:

" *Sixth*.  I further will and direct that from the portion to which my sons Edward E., James L. and Frederick W. Flint and my daughters Adele E. and Helena Flint would be entitled to from the fifth division of my will, there shall be held by my executors in trust, upon good and safe securities, the sum of Thirty thousand dollars ($30,000) for each, and that the income arising therefrom be paid to them as it accrues, during their lives, *and at their decease I will that the same be divided equally* between their heirs."

Adele E. Flint, one of the life beneficiaries under said paragraph, died about September, 1920, leaving as heirs and next of kin a sister, eight descendants of a deceased sister, a brother, and six descendants of another brother.   The question at issue is:  Shall the $30,000 held in trust for Adele E. Flint be distributed *per stirpes*, or *per capita*.

The presumption in this state favors a *per capita* distribution. *Schmidt* v. *Jewett*, 195 N. Y. 486, 491; *Bisson* v. *West Shore R. R. Co.*, 143 id. 125; *Petry* v. *Petry*, 186 App. Div. 738; affd., 227

N. Y. 621; *Matter of Lawrence*, 111 Misc. Rep. 524. But the presumption yields to " a very faint glimpse of a different intention." *Ferrer* v. *Pyne*, 81 N. Y. 281; *Bisson* v. *West Shore R. R. Co.*, *supra*. We must ascertain whether the word " heirs " has been used in its primary sense as a word of limitation and representation, or whether it has been used to indicate a class of people by their relationship to the life beneficiary for the purposes of identification, and in which case it would be a word of purchase. In the former case the rule of *per stirpes* would apply and in the latter case the rule of *per capita*.

Apparently the rule of distribution as laid down in *Bisson* v. *West Shore R. R. Co.*, *supra*, when without a different reflection from the context, is impregnable, as the Court of Appeals upon solicitation has refused to change it. *Petry* v. *Petry, supra; Whitehead* v. *Ginsburg*, 197 App. Div. 266.

Recent examples of a " very faint glimpse " to change the general rule are found in *Matter of Farmers' Loan & Trust Co.*, 213 N. Y. 168; *Matter of Union Trust Co.*, 170 App. Div. 176; *Matter of Durant*, 231 N. Y. 41. There is nothing in the context of this will, however, that would create the presumption that the testator intended to have the fund distributed *per stirpes*. In the 5th paragraph of the will a life estate is given of all of the property to the widow, with the direction that, at her decease, " the same be divided equally between my *children, or their heirs;* " with the further direction that the portion so given to a certain daughter should be held in trust, and at her decease, " the same be divided equally between her *children*, by her second husband, *or their heirs.*" The testator did what he had a right to do, or at least the draftsman did it for him, by changing the word " children " in the 5th paragraph to the word " heirs " in the 6th paragraph. Therefore, when the testator intended the remainder to go to children, he said so in terms. There is nothing in the context which would show any special meaning was to be given to the word " heirs " as used in the 6th paragraph. We are not concerned in the reason for the change in the use of words. Thus, we are left to the paragraph itself to find the testator's intention.

The will indicates an equality of division of testator's property among the members of the groups indicated. In the 5th clause he chose the class, namely, his children. In the 6th clause he substituted the word " heirs " in place of " children," creating thereby a gift to all the heirs of Adele E. Flint. This language alone would import a *per stirpes* distribution, but the testator has stated that the division was to be equally. *Matter of Barker*, 230 N. Y. 364, 373; *Barker* v. *Barker*, 172 App. Div. 240. It may be

well to state that it has uniformly been held that the word " heir " when applied to the succession of personal estate means " next of kin." *Tillman* v. *Davis*, 95 N. Y. 17. In the instant case it makes no difference, because they are the same persons. The all-important word in the 6th paragraph is the word " equally." The word " equally " standing by itself imports a division *per capita*, but it may get another meaning from the context. *Bodine* v. *Brown*, 12 App. Div. 335; affd., 154 N. Y. 778; *Matter of Farmers' Loan & Trust Co., supra*, at p. 174. Words are never to be rejected as meaningless or repugnant if by any reasonable construction they may be made consistent and significant. Excision is a desperate remedy. *Matter of Buechner*, 226 N. Y. 440. Effect must be given to the word " equally." A direction to divide equally would be satisfied by an equal division among the group. Equality of distribution among a class was the dominant thing in the testator's mind. To depart from a *per capita* distribution is to depart from the plain language of the will. As has been said in another case, " the language of the will is quite opaque to the glimmer of any contrary intent." *Matter of Griswold*, 42 Misc. Rep. 230.

There are no words of present gift. The only words of gift are contained in a direction to divide and pay over at the end of the trust period. These remainders are contingent remainders. *Matter of Buechner, supra*. The gift was to a class and must be confined to the members of the class living at the date when the division is directed to be made. *Matter of Baer*, 147 N. Y. 348. No part of the principal was to go to the heirs until the time fixed for its absolute transfer. The gift was to take effect in enjoyment at a future time. *Matter of Gillespie*, 199 App. Div. 103; *Matter of Kissam*, 115 Misc. Rep. 724.

In my opinion, the testator used the word " heirs " to designate the individuals as members of a single class who would take, and he intended to fix a quantity of interest which would devolve upon each by the words " the same be divided equally." He identified the persons who were to take just as thoroughly as though he had named them. They take as purchasers and not by representation. *Petry* v. *Petry, supra; Whitehead* v. *Ginsburg, supra*. The facts of the instant case clearly fall within the ruling in *Bisson* v. *West Shore R. R. Co., supra*. The fund should be distributed to all the heirs of Adele E. Flint, and as such they take *per capita*.

Decreed accordingly.