In the Matter of the Judicial Settlement of the Estate of JOHN BAILEY, Deceased.

Surrogate's Court, Clinton County, February 25, 1925.

**Wills — construction — devise in trust with direction to divide principal equally at death of beneficiary among heirs at law and next of kin — remainder is contingent and passes to heirs and next of kin living at death of beneficiary equally per capita.**

The heirs and next of kin of a testator who were living at the time of the death of the beneficiary of a trust take the property equally *per capita* under a provision in the will which devises the property in trust for the life of the wife of the testator and provides that upon her death the property shall be divided equally among the heirs and next of kin of the testator.

PROCEEDING for the construction of a will upon the final judicial settlement of the accounts of the executor and trustee.

*Victor F. Boire,* for the executor and trustee, F. J. Columbe.

HARRINGTON, S.:

The estate of the decedent having been duly administered and now ready for final distribution, the executor and trustee on the final judicial settlement of his accounts as such has asked for a construction of the will of the decedent in order to guide him as to how the proceeds of the estate should be distributed to those entitled to the same.

The testator died September 30, 1913, leaving a widow and several brothers, sisters, nephews and nieces as his next of kin. He left no descendants.

The only part of the will to be construed is paragraph marked " eighth," which reads as follows:

" *Eighth.* All the rest and remainder of my property, of every kind, I give, devise and bequeath to my Executor hereinafter named, but in trust nevertheless, to invest the same to the best advantage and to pay over the income therefrom to my wife during the term of her natural life, and after her death, the said entire property to be divided equally among my heirs or next of kin. These bequests and devises to my wife are made in lieu of dower."

Margaret Bailey, widow of the testator, died on August 27, 1923. Between the date of the death of the testator and the date of the death of Margaret Bailey, some of the above-mentioned next of kin of the testator died, leaving descendants.

Two questions arise in regard to the construction of paragraph marked " eighth " of the will, as above mentioned:

(1) Did the estate of the testator vest in his next of kin at his death or at the death of his widow, Margaret Bailey?

(2) Is the residuary estate to be distributed to the next of kin of the testator *per capita* or *per stirpes?*

The answer to question 1 will in a large measure assist in answering question 2, for the reason that if the residuary estate vested in the testator's next of kin at his death, then of course the estate so vested in each was descendible and devisable; the descendants of those who died between the date of the death of the testator and the date of the death of the life tenant would jointly take the share which their parent would have taken had he or she survived the life tenant.

The cardinal rule in the construction of wills is that the intention of the testator should be ascertained, if possible. If the intention of the testator is ascertained with reasonable certainty and the provisions of the will are valid, it is quite unnecessary to discuss the decisions made in other cases. (*Cammann* v. *Bailey*, 210 N. Y. 19, 30; *Matter of Pulis*, 220 id. 196, 202.) In this case no evidence was offered to show that the intent of the testator was any other than the language of the will indicates. When the court is thus limited to the language of the will in construing the intent of the testator, it is at such times in particular that the rules of construction as established by the courts for ascertaining the intention of the testator and giving it effect come into play. The rule is well stated in *Matter of Silsby* (229 N. Y. 396, 402) as follows: " It was said by Judge Pound, now of this court, in *Baker* v.

Surrogate's Court, Clinton County, February, 1925.      [Vol. 124

*Gerow* (126 N. Y. Supp. 277): ' In construing a will it has been repeatedly held that the object of the courts is to ascertain, not the intention simply, but the expressed intention, of the testator, *i. e.,* the intention which the will itself, either expressly or by implication, declares. In other words, it is the duty of the court to ascertain the intention of the testator from the words he has used, and to ascertain and give effect to the legal consequences of that intention when ascertained.' "

Two well-known rules of construction are applicable to paragraph marked " eighth " of the testator's will: *First.* Where the only words of gift are found in the direction to divide or pay at a future time, the gift is future, not immediate; contingent and not vested. *Second.* Where the gift is of money and the direction to convert the estate is absolute, the legacy given to a class of persons vests in those who answer the description and are capable of taking at the time of the distribution. (*Matter of Crane,* 164 N. Y. 71, 76, and cases cited; *Matter of Pulis, supra,* and cases cited; *Salter* v. *Drowne,* 205 N. Y. 204; *Matter of Leonard,* 218 id. 513, 521; *Matter of Finck,* 168 App. Div. 135; *Matter of McKim,* 115 Misc. 720; *Cleere* v. *Riley,* 123 id. 9.)

The exceptions to the above two rules of construction are as follows: *First.* If the postponement of the payment is for the purpose of letting in an intermediate estate, then the interest shall be deemed vested at the death of the testator and the class of legatees is to be determined as of that date, for futurity is not annexed to the substance of the gift. *Second.* Where there are words importing a gift in addition to the direction to the executor or trustee to pay over, divide or distribute, the general rule of construction does not govern because the language employed, outside of direction to divide or distribute, imports a gift and, therefore, the situation is precisely as if the will contained words of gift. (*Matter of Crane, supra,* and cases cited.)

The only words of gift in paragraph marked " eighth " of the testator's will are found in the direction to divide his entire estate to his next of kin after the death of his widow. There are no words indicating a present gift. The gift is also to a class of persons, *i. e.,* the heirs or next of kin of the testator. The two rules of construction first above mentioned would, therefore, seem to be applicable in this case, making the remainders contingent and not vested, and the gift to be confined to the members of the class living at the date when the division is directed to be made, namely, the death of the life tenant. Unless, therefore, this case can be brought within the first exception, as above mentioned, to these two rules of construction, then it is clear that the testator

intended to make a future and not a present gift, and that the same did not take effect until the death of the life tenant.

I do not believe that this case comes within said exception. The language of the will provides that the distribution to the next of kin of the testator is to occur "after her death," referring to the death of the life tenant. The plain reading of this phrase indicates that the class was to be determined at the death of the widow and not at the death of the testator. I believe this case is very similar to that of *Matter of Crane (supra)*. At page 77 of the opinion in said case the court discusses this very point in question and distinguishes the case then under consideration from that of *Matter of Embree* (9 App. Div. 602; affd., on opinion below, 154 N. Y. 778). Because the exception to the general rules of construction, as made applicable by the court in *Matter of Embree (supra)*, was not made applicable by the same court in *Matter of Crane (supra)*, I am convinced that the ruling in *Matter of Crane (supra)* is controlling in this case.

I, therefore, conclude that aside from the direction to the executor to divide the estate, after the death of his widow, to his heirs or next of kin, there are no words importing a gift; that the general rule of construction should, therefore, apply, namely, that where the only gift is found in a direction to divide or pay at a future time, the gift is future, not immediate; contingent and not vested. The residuary estate vests in those who are the testator's heirs or next of kin as of the date of the death of the life tenant.

Is the residuary estate to be divided *per capita* or *per stirpes?*

It would seem that when a division is directed to one's next of kin, in the absence of clear tokens of a contrary intention, the statute is to be taken as the standard of division, and the division will be *per stirpes* and not *per capita*. In other words, the next of kin who will take under a will are the next of kin upon intestate succession. But a testator is still free, if he pleases, to direct division upon other lines. (*N. Y. Life Ins. & Trust Co.* v. *Winthrop*, 237 N. Y. 93, 107–109.)

The heirs and next of kin of the testator are the same, as the testator was not survived by any descendants. We have already held that the time fixed when the gift to the testator's next of kin was to take effect was after the termination of the life estate given to his widow. During the period from the date of the death of the testator and the date of the death of his widow, the number of his next of kin might be diminished by death or increased by birth. Presumably, testator was aware of this fact. At any rate, the will of the testator directs that the residuary estate be divided "equally" among his heirs or next of kin. The word

" equally " clearly indicates that the division should be *per capita.* To hold otherwise would be to depart from the plain language of the will without any expressed intention of the testator to justify the same. Where the language of the will directs that the distribution of the estate be made " equally " among the class mentioned, the division of the estate is to be *per capita.* (*Bisson v. W. S. R. R. Co.,* 143 N. Y. 125; *Petry v. Petry,* 186 App. Div. 738; *Matter of Flint,* 118 Misc. 134; *Matter of Griswold,* 42 id. 230.)

The residuary estate should, therefore, be divided *per capita* among the next of kin of the testator as of the date of death of Margaret Bailey, the life tenant.