In the Matter of the Estate of WILLIAM L. BRUEN, Deceased.

Surrogate's Court, New York County, August 21, 1934.

*James A. Edwards,* special guardian of Evelyn Louisa Bruen, infant, for the objectants.

*Norwood & Walsh* [*Thomas L. Walsh* of counsel], for the objectants.

*Dunn, Daly & Bain,* for the trustee.

FOLEY, S. By the second paragraph of his will the testator created a trust which was to continue during the life of his widow and his nephew, John Jay Ide. During her life the widow was to receive the entire net income from the trust. After her death the will provides that " the net income shall be apportioned among the children of my brother and sister from time to time as are then living, each one to receive such share quarter yearly." Upon the termination of the trust the will directs the trustee to sell the principal and to distribute the proceeds " one half to my sister Alexandra Louise and one half to my brother Alexander, or if deceased then the portion they would have received if alive to be paid to their surviving children equally." Should such a distribution prove

impracticable, the will contains a further provision for a distribution of the remainder among the testator's heirs at the termination of the trust.

The testator's widow is dead. His brother and sister are still living. John Jay Ide is the only child of the testator's sister. The testator's brother Alexander has four children who survived the testator and are still living.

A determination is now sought as to the method of distributing the trust income during the life of John Jay Ide.

The language of the will disposing of the income creates a doubt as to whether the income is to be distributed in equal shares to the children of the brother and sister, or whether one-half of the income is to be paid to the children of the brother and one-half to the child of the sister.

It is an elemental principle of construction that the testator's intention is to be gleaned from the will as a whole. (*Matter of Title G. & T. Co.*, 195 N. Y. 339.) The testator's expressed intention that the remainder of the trust should be distributed one-half to the brother or his children and one-half to the sister or her children is indicative of an intention that the income should be distributed in like manner among the children of the brother and sister. (*Matter of Farmers' Loan & Trust Co.*, 213 N. Y. 168; *Whitehead* v. *Ginsburg*, 197 App. Div. 266.) I, therefore, hold that the income from the trust is now payable one-half to John Jay Ide and one-half to the children of Alexander Bruen in equal shares.

Objections to the account having been filed, this matter has been placed on my calendar for a hearing on the 23d day of October, 1934, at two-thirty P. M. The parties are directed to file briefs on the day of the hearing. The trustee is directed to serve notice of hearing and file the same with proof of service thereon with the clerk of this court on or before the 20th day of September, 1934.