In the Matter of the Accounting of GEORGE F. WARREN, JR., as Trustee under the Will of MARY A. A. WOODCOCK, Deceased.

Surrogate's Court, Westchester County, September 26, 1947.

*John Edmond Hewitt* and *Andree B. Carroll* for trustee.

*Holden Brothers* for Phebe Washburn, respondent.

*Charles C. Fenno* for County Trust Company, respondent.

*J. Raymond McGovern,* special guardian for Sally A. Coonrod and others, infants, and possible unknown descendants of John L. Woodcock and another, deceased.

GRIFFITHS, S. In this trustee's accounting proceeding the petition requests a determination as to whether the corpus of a trust

established under article " Ninth " of the will is distributable per stirpes or per capita among the " issue " of John L. Woodcock, a nephew of decedent.

The testatrix died on May 18, 1908. By article " Ninth " she created a trust for the benefit of her said nephew during his lifetime with the direction that " upon his death, leaving issue him surviving ", the corpus should be " divided equally among such issue " with alternative provisions if any of such issue should then be under the age of thirty years. The income beneficiary died on July 13, 1943, survived by several children and other descendants. The children of said nephew still survive and all but one of such children had attained the prescribed age at the date of death of said income beneficiary. The question is therefore presented as to whether all descendants including children of living parents are entitled to share as remaindermen, as contended by the special guardian.

The testatrix died before the enactment of section 47-a of the Decedent Estate Law in effect April 30, 1921 (L. 1921, ch. 379). Prior to such enactment the term " issue " was ordinarily construed to refer to descendants in any degree and was presumed to import per capita distribution in the absence of a contrary intent. (*Soper* v. *Brown,* 136 N. Y. 244; *Schmidt* v. *Jewett,* 195 N. Y. 486.) The rule yielded, however, " 'to a very faint glimpse of a different intention.' " (*Ferrer* v. *Pyne,* 81 N. Y. 281, 284.) The dominant intent that there should be equality of distribution was held to require a construction in favor of a division per stirpes under the provisions of the will construed in *Matter of Durant* (231 N. Y. 41.) In *Matter of Lawrence* (238 N. Y. 116) it was determined that the direction for division " share and share alike " might be satisfied by division equal between stocks. That the word " issue " may mean more than children does not necessarily import a per capita distribution. (*Matter of Durant, supra.*) The will must therefore be examined to ascertain whether a different intention is apparent.

The testatrix herein after having established a trust for the benefit of her nephew, directed that upon his death " leaving issue him surviving " the principal was to be divided equally among such issue. This was followed by a provision to the effect that if any such issue should then be under the age of thirty years, such principal was to be payable to them upon attaining the prescribed age. The testatrix then provided that in the event that any such child should die after her nephew and before attaining said age, " leaving issue, I give their shares to such issue to be equally divided between them " or if they should die leaving no issue, such share was to be " divided equally among

the brothers and sisters of the one so dying, the issue of any that may then be dead to take the share their parent would have been entitled to if living ".

The court construes the will as connoting a distribution per stirpes among the children of said nephew who had attained the age of thirty years at the death of said nephew. There is some basis for the contention that by the term " issue " the testatrix referred to children. However, an examination of the context of article " Ninth " indicates that the testatrix used the word " issue " in its ordinary sense as referring to descendants as well as to children. If the term " issue " were construed as being limited to children, there would be no provision for disposition in favor of descendants of a child who predeceased the life tenant. It is apparent, however, that notwithstanding that the term " issue " was intended to include descendants in whatever degree, they were not to share except by representation. That descendants of said nephew should take only by representation is apparent from the provision that upon the death without issue of any child of said nephew there was to be a division equally among the brothers and sisters of the one so dying " the issue of any that may be dead to take the share that the parent would be entitled to if living ". As was stated in *Matter of Durant* (231 N. Y. 41, *supra*) at page 48, quoting with approval from the opinion by HOLMES, J., in *Dexter* v. *Inches* (147 Mass. 324, 326): " ' If the context of the clause which we have to construe does not, of itself, show clearly in what sense the testator used the word, the alternative limitation makes it plain.' " As the alternative limitation herein indicates that as to the share of a child who died without issue the testatrix was contemplating distribution by representation among the surviving children or their issue, it is apparent that she contemplated the same method of distribution in the antecedent provision. Moreover, the provisions of article " Fourth " for the disposition of a portion of the remainder of a trust for decedent's brother clearly contemplates distribution per stirpes and not per capita among the descendants of the same nephew. Article " Ninth " of the will is construed accordingly as importing per stirpes distribution among the children of said nephew of testatrix who had attained the age of thirty years at the death of the life tenant.

The decree may reserve for determination the effect of the provisions of the will as to the child of the nephew of testatrix who had not attained the prescribed age upon the death of the life tenant, until such child attains the age of thirty years.

Submit decree on notice construing the will accordingly and settling the account as filed.