Jobn D. Bexxett, S.
Incidental to an accounting proceeding, the Bank of New York, as successor trustee of the trust created under paragraph III of article fifth of the last will and testament of Harriet Coles, seeks a construction.
The testatrix died on August 6, 1910, leaving a will executed on March 10, 1908, which was admitted to probate in this court on October 26, 1910. Pursuant to the terms of paragraph III of article fifth of the will, the testatrix set apart in trust the sum of $20,000 for the benefit of her friend, Mrs. Susan C. Calkins, for her life. The will disposes of the remainder of the trust on the death of Susan C. Calkins as follows: ‘ ‘ and after her death I "give and bequeath the principal to her children, to be equally divided between them, share and share alike, the issue of any deceased child to take between them the share their parent would have taken if living.”
Susan C. Calkins died on August 15, 1956. She was survived by two daughters, Sue C. Price and Buth C. Wiener (each of whom is entitled to one third of the remainder of the fund). A son, Hiram B. Calkins, who died on January 6, 1936, predeceased Mrs. Calkins. Hiram B. Calkins was survived by two children, Hiram B. Calkins Jr., and Frederic H. Calkins II, who are still living. Hiram B. Calkins Jr., has one child, Hiram B. Calkins, III, an infant. Frederic H. Calkins II has one child, Nancy Lyn Calkins, an infant. As Hiram B. Calkins did not survive Susan C. Calkins, one third of the remainder of the trust is distributable to his “issue”. The question in this proceeding involves a determination whether the distribution to such “ issue ” is to be made per capita or per stirpes. If the remainder of this share is distributable per stirpes, it will go in equal shares to the children only of Hiram B. Calkins. If it is distributable per capita, it will be divided into four parts and distributed equally among the two children and two grandchildren of Hiram B. Calkins.
*831 The special guardian representing the grandchildren has concluded that the intention of the testatrix and the language of the will require a per stirpital distribution to the exclusion of the infants he represents.
As the testatrix executed her will, and died prior to April 30, 1921, section 47-a of the Decedent Estate Law is not applicable, and the determination of the testatrix’ intent must be made on common-law principles.
A concise discussion of the rules of construction applicable is found in Matter of Good (96 N. Y. S. 2d 798, 802-803, affd. 278 App. Div. 806, reargued and motion for leave to appeal denied 278 App. Div. 927). There the court said: “ The common law rule that a gift to issue imported a gift per capita, was not based upon any presumed intent of the testator. Indeed, the courts have recognized that the rule does violence to his probable intention. Freeman v. Parsley, 3 Ves. Jr. 421, 422; Knight v. Ellis, 2 Bro. Ch. 570, 578; Soper v. Brown, 136 N. Y. 244, 250, 32 N. E. 768, 770, 32 Am. St. Rep. 731; Central Hanover Bank & Trust Co. v. Pell, 268 N. Y. 354, 358; 197 N. E. 310, 311; Petry v. Petry, 186 App. Div. 738, 741, 175 N. Y. S. 30, 32. It has been said that the rule was adopted in England so as to render the entail of estates effective and to avoid the total exclusion of grandchildren who were descendants of deceased children. Petry v. Petry, supra. The supposed difficulty which the English decisions encountered was, perhaps not insuperable. Holmes, J., Dexter v. Inches, 147 Mass. 324, 17 N. E. 551. Nevertheless, such considerations evidently influenced the early formulation of the per capita rule. The courts of this State have felt constrained by authority to recognize the common law rule, Central Hanover Bank & Trust Co. v. Pell, supra, 268 N. Y. at page 358, 197 N. E. at page 311, even though £ a definition according to our own laws of descent and distribution would have furnished the very avenue of escape that the English judges sought, but could not find in their law.’ Petry v. Petry, supra, 186 App. Div. at page 747, 175 N. Y. S. at page 36. The common law rule was followed with reluctance (See, 2 Simes, Law of Future Interests, p. 243) but the courts readily deviate from it whenever there is £ a slight indication of another meaning being intended ’, Central Hanover Bank & Trust Co. v. Pell, supra [268 N. Y. S. 358, 197 N. E. 311], or £ a very faint glimpse of a different intention ’, Matter of Farmers’ Loan & Trust Co., 213 N. Y. 168, 174, 107 N. E. 340, 342, 2 A. L. R. 910. The Legislature finally abolished the per capita rule and adopted the contrary rule, but the statute is prospective in operation only, Decedent Estate Law, § 47-a, and does not apply to the will of this testator.”
*832 The provisions of the will before the court furnish more than a faint glimpse that per stirpital distribution of the remainder of the trust was intended by the testator. In addition to the evidence of intention for a per stirpital distribution furnished by the other paragraphs of the will, the express language of paragraph III, here under consideration, by the use of the words “ the issue of any deceased child to take between them the share their parent would have taken if living ” discloses an intention on the part of the testatrix to benefit the children of a deceased child, rather than more remote descendents. The language of Mr. Justice Cabdozo in Matter of Farmers’ Loan & Trust Co. (213 N. Y. 168, 174-175) is appropriate. “ The first use of the word issue, we find in the provision: ‘ in case of the death of either of my children before the division of my estate, I give, devise and bequeath what would have been his or her share, if living, to his or her issue, if any, such issue to take equally what would have been the parent’s share.’ The fair meaning of this provision is that the issue are to take by right of representation. That construction is not precluded by the direction that they shall take equally. The word ‘ equally,’ standing by itself, imports a division per capita, but it may get another meaning from the context. Another meaning is given to it here by the direction that the issue shall take their parent’s share. (Barstow v. Goodwin, 2 Bradf. 413.) Equality of division is to be preserved, but only within the limits consistent with a division per stirpes. (Barstow v. Goodwin, supra; Jackson v. Jackson, 153 Mass. 374; Coates v. Burton, 191 Mass. 180.) We are referred to cases in which it is suggested that the word ‘ issue ’ should be restricted to children when used in antithesis to the word 1 parent. ’ (Sibley v. Perry, 7 Ves. 522; Drake v. Drake, 134 N. Y. 220, 225.) That is not a rule of construction. It is merely one consideration to be weighed with others in an estimate of a testator’s meaning. (Ralph v. Carrick, L. R. [11 Ch. D.] 873; Matter of Birks, L. R. [1900] 1 Ch. 417, 419.) Sometimes the word issue may take its color from the word parent, and refer to children. Sometimes the word parent may take its color from the word issue, and refer to all who may occupy the position of parent throughout the line of succession. (Jackson v. Jackson, supra; Ross v. Ross, 20 Beav. 645; Robinson v. Sykes, 23 Beav. 40; Matter of Embury, 109 L. T. 511; Barstow v. Goodwin, supra.) Having in view the rule that favors the keeping of the gift within the primary line of descent, we think that by the gift to issue in the fourth subdivision of the will, there was intended a gift to descendants per stirpes.” (See, also, Matter of Crane, 113 N. Y. S. 2d *833 865; Matter of Child, 58 N. Y. S. 2d 888; Matter of Littlefield, 110 N. Y. S. 2d 548, 550.)
The court therefore determines that the corpus is to be distributed per stirpes as follows: one third to Sue C. Price, one third to Ruth C. Wiener and one sixth each to Hiram B. Calkins, Jr., and Frederic IT. Calkins II, the two sons of Hiram B. Calkins, the predeceased son of the life beneficiary.
The account will be settled as filed.
Submit decree on notice.